UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRAXI, LLC,

Plaintiff,

-against-

CAP CANA, S.A., DEUTSCHE BANK A.G.,
and DEUTSCHE BANK SECURITIES INC.,

Defendants.

**ECF Case**

Case No. 07 Civ. 9727 (LTS)

## MEMORANDUM OF LAW OF THE DEUTSCHE BANK DEFENDANTS IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

THACHER PROFFITT & WOOD LLP
Patrick J. Smith
Kenneth E. Lee
Jeffrey D. Rotenberg
Two World Financial Center
New York, New York 10281
(212) 912-7400

*Attorneys for Defendants Deutsche Bank
A.G. and Deutsche Bank Securities Inc.*

# **TABLE OF CONTENTS**

Pages

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ........................................................................................... 1

RELEVANT BACKGROUND ............................................................................................. 3

I.   PARTIES ....................................................................................................................... 3

II.   FACTUAL OVERVIEW .............................................................................................. 4

   A.   THE BID PROCESS................................................................................................ 4

   B.   PRAXI'S REQUEST FOR FINANCING ............................................................. 4

   C.   PRAXI'S WINNING BID ...................................................................................... 5

   D.   PRAXI AND CAP CANA FAIL TO REACH AN AGREEMENT................................ 5

   E.   CAP CANA PURSUES ALTERNATIVE DEVELOPMENT OPTIONS
      FOR LAS IGUANAS ............................................................................................. 6

III.   PROCEDURAL HISTORY ......................................................................................... 6

ARGUMENT......................................................................................................................... 7

I.   THE COURT SHOULD DISMISS THE AMENDED COMPLAINT
   PURSUANT TO THE DOCTRINE OF FORUM NON CONVENIENS ........................... 7

II.   PRAXI'S AMENDED COMPLAINT SHOULD BE DISMISSED FOR
   FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ............. 7

   A.   PRAXI HAS FAILED TO STATE A CLAIM FOR TORTIOUS INTERFERENCE
      WITH CONTRACT................................................................................................ 8

      1.   Praxi Has Failed to Allege the Existence of a Contract................................ 9

      2.   Praxi Has Failed to Allege That the Deutsche Bank Defendants
         Caused Any Breach of Contract ................................................................... 10

      3.   Praxi Has Not Properly Alleged Cap Cana's "Actual Breach" ...................... 12

      4.   Praxi's Allegations are Conclusory and Insufficient ...................................... 13

i

B.  PRAXI HAS FAILED TO STATE A CLAIM OF TORTIOUS
    INTERFERENCE WITH FIDUCIARY DUTIES..................................................... 14

    1.  Praxi Has Failed to Plead the Existence of Fiduciary Duties ....................................... 15

    2.  Praxi Has Failed to Plead Causation Between the Actions of the
        Deutsche Bank Defendants and Its Alleged Damages.................................................. 15

    3.  Praxi's Allegations of the Deutsche Bank Defendants' Tortious Interference With
        Fiduciary Duties are Purely Speculative..................................................................... 16

CONCLUSION.............................................................................................................................. 178

## TABLE OF AUTHORITIES

### Federal Cases

*150 E. 58th St. Partners, L.P. v. Wilkhahn Wilkening & Hahn GmbH & Co.,*
  No. 97 Civ. 4262 (SHS), 1998 WL 65992 (S.D.N.Y. Feb. 17, 1998) ............................... 13-14

*Am. Bldg. Maint. Co. of N.Y. v. Acme Prop. Servs.,*
  515 F. Supp. 2d 298 (N.D.N.Y. 2007) .................................................................................. 12

*ATSI Commc'ns v. Shaar Fund, Ltd.,*
  493 F.3d 87 (2d Cir. 2007) ...................................................................................................... 7

*Barrett v. United States,*
  806 F. Supp. 1094 (S.D.N.Y. 1992) ...................................................................................... 17

*Bell Atl. Corp. v. Twombly,*
  127 S. Ct. 1955 (2007) .................................................................................................. 7, 16-17

*Bloor v. Carro, Spanbock, Londin, Rodman & Fass,*
  754 F.2d 57 (2d Cir. 1985) .................................................................................................... 15

*Crossland Fed. Sav. Bank v. 62nd & First Assocs., L.P.,*
  No. 92 Civ. 4056 (LLS), 1993 WL 410461 (S.D.N.Y. Oct. 12, 1993) ................................... 11

*Don King Prods., Inc. v. Douglas,*
  742 F. Supp. 741 (S.D.N.Y. 1990) .......................................................................................... 9

*ECOR Solutions, Inc. v. Malcolm Pirnie, Inc.,*
  No. 02 Civ. 0110 (NAM), 2005 WL 1843253 (N.D.N.Y. July 29, 2005) ........................... 13-14

*Fitzpatrick v. Sony-BMG Music Entm't, Inc.,*
  No. 07 Civ. 2933 (SAS), 2008 WL 84541 (S.D.N.Y. Jan. 8, 2008) ......................................... 8

*Granite Partners, L.P. v. Bear, Stearns & Co.,*
  17 F. Supp. 2d 275 (S.D.N.Y. 1998) ................................................................................. 8, 11

*Hannex Corp. v. GMI, Inc.,*
  140 F.3d 194 (2d Cir. 1998) .................................................................................................. 15

*Iqbal v. Hasty,*
  490 F.3d 143 (2d Cir. 2007) .................................................................................................. 16

*Johnson & Johnson v. Guidant Corp.,*
  No. 06 Civ. 7685 (GEL), 2007 WL 2456625 (S.D.N.Y. Aug. 29, 2007) ............................... 17

*Kirch v. Liberty Media Corp.*,
  449 F.3d 388 (2d Cir. 2006)............................................................................ 12

*Klaxon v. Stentor Elec. Mfg. Co.*,
  313 U.S. 487 (1941)....................................................................................... 9

*Kolbeck v. LIT Am., Inc.*,
  939 F. Supp. 240 (S.D.N.Y. 1996) ............................................................... 15

*Law Offices of Curtis V. Trinko, LLP v. Bell Atl. Corp.*,
  309 F.3d 71 (2d Cir. 2002)............................................................................. 8

*Mina Inv. Holdings, Ltd. v. Lefkowitz*,
  16 F. Supp. 2d 355 (S.D.N.Y. 1998)....................................................... 10, 13

*Pension Comm. of Univ. of Montreal Pension Plan v. Bank of America Sec., LLC*,
  446 F. Supp. 2d 163 (S.D.N.Y. 2006).......................................................... 15

*Port Dock & Stone Corp. v. Oldcastle N.E., Inc.*,
  507 F.3d 117 (2d Cir. 2007)......................................................................... 16

*Sedona Corp. v. Ladenburg Thalmann & Co.*,
  No. 03 Civ. 3120 (LTS), 2005 WL 1902780 (S.D.N.Y. Aug. 9, 2005) ......... 8, 12-13

*Smith v. CPC Int'l, Inc.*,
  104 F. Supp. 2d 272 (S.D.N.Y. 2000).......................................................... 17

*Sp. Event Entm't v. Rockefeller Ctr., Inc.*,
  458 F. Supp. 72 (S.D.N.Y. 1978) ................................................................. 10

*Weizman Inst. of Sci. v. Neschis*,
  229 F. Supp. 2d 234 (S.D.N.Y. 2002)............................................................ 9

*World Wide Commc'ns, Inc. v. Rozar*,
  No. 96 Civ. 1056 (NRB), 1997 WL 795750 (S.D.N.Y. Dec. 30, 1997)......... 14

## State Cases

*Lama Holding Co. v. Smith Barney, Inc.*,
  88 N.Y.2d 413 (1996) .................................................................................... 8

*M.J. & K. Co. v. Matthew Bender & Co.*,
  220 A.D.2d 488 (2d Dep't 1995).................................................................. 13

*Washington Ave. Assocs., Inc. v. Euclid Equip., Inc.*,
  229 A.D.2d 486 (2d Dep't 1996).................................................................. 13

iv

Defendants Deutsche Bank A.G. ("Deutsche Bank") and Deutsche Bank Securities Inc. ("DBSI") (collectively the "Deutsche Bank Defendants"), by and through their attorneys, Thacher Proffitt & Wood LLP, respectfully submit this Memorandum of Law in support of their Motion to Dismiss the First Amended Complaint ("Amended Complaint") of Plaintiff Praxi, LLC ("Praxi").

## PRELIMINARY STATEMENT

In this lawsuit, Praxi seeks $200 million in "damages" from the defendants, a significant windfall relative to the $500,000 it claims to have expended in connection with its June 2007 winning bid for the opportunity to purchase and develop Cap Cana's Las Iguanas property in the Dominican Republic. To achieve its aim, Praxi endeavors to transform unsuccessful negotiations concerning the acquisition and financing of Las Iguanas into a binding "joint venture" agreement with Cap Cana. Such an agreement never existed and therefore Praxi's claims against the Deutsche Bank Defendants – bit players in the Amended Complaint's narrative – must fail.

As alleged in the Amended Complaint, Praxi asked Deutsche Bank to assist it in obtaining financing in connection with its bid and a contemplated purchase agreement. Praxi worked with Deutsche Bank on negotiating terms for financing this project throughout the summer of 2007. By September 2007, despite multiple extensions of the deadline, Praxi had yet to satisfy key conditions precedent to completing a financing deal and other essential prerequisites to completing the acquisition of the Las Iguanas property. Due to Praxi's lingering inability to meet these conditions of closing over several months, Cap Cana proceeded to cancel the adjudication of the bidding process. With Praxi gone, Cap Cana allegedly sought other financing for Las Iguanas and other parts of its Dominican properties, including a bond offering to be jointly managed by DBSI.

Praxi filed this suit in response to Cap Cana's decision to exercise its right to walk away from their negotiations and pursue alternatives for the development of Las Iguanas. Praxi's claims are based largely on an alleged binding joint venture agreement it claims to have had with Cap Cana. Along with Cap Cana, against whom it has alleged claims for breach of contract, breach of fiduciary duties and promissory estoppel, Praxi named the Deutsche Bank entities as defendants. Although it predicates its claims entirely upon its dealings and relationship with Cap Cana, Praxi charged the Deutsche Bank Defendants with tortious interference with contract and fiduciary duties.

As an initial matter, the Dominican Republic is the proper forum for this dispute. Praxi's claims arise from its pursuit of the development of real property in the Dominican Republic. Additionally, the operative facts underlying the litigation took place in the Dominican Republic and many key witnesses are located in the Dominican Republic.

As to the Deutsche Bank Defendants, Praxi has failed to state a claim. The Amended Complaint's contract-based claims do not comport with reality. Praxi fails to include a single reference to documentation suggesting or evidencing a binding joint venture agreement with Cap Cana concerning anything related to Las Iguanas. In the same vein, the language employed in the Amended Complaint, including references to a "pending" agreement, concedes that no such contract was in place. Praxi further concedes that any joint venture agreement was contingent upon it obtaining financing, something it never was able to do. Without this agreement, Praxi's breach of contract and breach of fiduciary duty claims against Cap Cana fail, and in turn the secondary claims against the Deutsche Bank Defendants cannot stand.

Even assuming the existence of a binding joint venture agreement, the claims against the Deutsche Bank Defendants are deficient in a number of respects. The claim for tortious

2

interference with contract fails as a matter of law because Praxi does not allege the Deutsche Bank Defendants as the "but for" cause of Cap Cana's alleged breaches. Indeed, the allegations contained in the Amended Complaint suggest exactly the reverse. Praxi further fails to adequately allege an actual breach of any contract by Cap Cana. The claim for tortious interference with fiduciary duties must likewise fail due to the failure to allege the existence of fiduciary duties and causation.

In addition, Praxi's conclusory and speculative allegations of "tortious interference" against the Deutsche Bank Defendants are insufficient. Praxi has not provided any factual background to buttress its claims, nor can it. Praxi must do more than simply recite the hornbook elements of these causes of action in order to survive a motion to dismiss.

## RELEVANT BACKGROUND

### I.    PARTIES

According to the Amended Complaint, plaintiff Praxi is a limited liability company formed and existing under the laws of the State of Delaware with its office and principal place of business in New York, New York. Praxi allegedly has two members, and both are said to be domiciliaries and citizens of the State of New Jersey. (Am. Comp. ¶ 4).

Defendant Cap Cana is a corporation formed and existing under the laws of the Dominican Republic, with its principal place of business located in Santo Domingo, Dominican Republic. Cap Cana is a real estate developer of resort properties located in the Dominican Republic. These resort properties include Las Iguanas. (*Id.* ¶ 5).

Defendant Deutsche Bank is a corporation formed and existing under the laws of the Federal Republic of Germany, with its headquarters and principal place of business in Frankfurt, Germany, and defendant DBSI is a corporation formed and existing under the laws of the State

3

of Delaware, with its principal place of business located in New York, New York. (*Id.* ¶¶ 6–7).

Both of the Deutsche Bank Defendants operate in the financial services industry. (*Id.*)

## II.    FACTUAL OVERVIEW

### A.    THE BID PROCESS

This action arises out of Cap Cana's solicitation of bids in the spring of 2007 for the

purchase and development of Las Iguanas, a parcel within its larger beachfront resort property in

the Dominican Republic. According to the Amended Complaint, the winning bidder would earn

the right to acquire and develop Las Iguanas for residential apartments. The bidding agreement

also contemplated development of a commercial and hotel component at the winner's option.

Praxi alleges that each prospective bidder was required to provide a $1 million deposit as a

condition of participation and to be granted access to conduct due diligence of Las Iguanas. (*Id.*

¶ 9). The bidding agreement provided that the laws and courts of the Dominican Republic would

govern any dispute regarding the interpretation of its terms and regulations, and that all the

documents to be signed as a result of the bid process would be governed by the laws of the

Dominican Republic. (*See* Cap Cana Br. at I.A.).[1]

### B.    PRAXI'S REQUEST FOR FINANCING

In need of extensive financing to enter the bidding, Praxi allegedly approached Deutsche

Bank. Praxi alleges that following initial discussions, Deutsche Bank provided it with a "Senior

Secured Financing Mandate Letter," dated June 7, 2007, and an "Acquisition Financing – Highly

Interested Letter," dated June 8, 2007. (*See* Am. Comp. ¶ 10).[2]  Neither of these letters

---

[1] References to "Cap Cana Br." are to the Memorandum of Law of Defendant Cap Cana, S.A. in Support of its Motion to Dismiss the First Amended Complaint.

[2] Both of these letters are incorporated by reference in the Amended Complaint. True and correct copies of the Mandate Letter and Highly Interested Letter are attached to the Declaration of Patrick J. Smith in Support of the

committed Deutsche Bank to provide financing to Praxi nor otherwise established any legal obligations running from Deutsche Bank to Praxi.    In the Mandate Letter, the parties acknowledged that Deutsche Bank "and its affiliates may have and may continue to have investment banking, financial advisory and other relationships with parties other than Praxi pursuant to which [Deutsche Bank] may acquire information of interest to Praxi," and that Deutsche Bank "shall have no obligation to disclose such information to Praxi." *See* Smith Decl., Ex. A at 5.    This provision placed Praxi on notice that Deutsche Bank and its affiliates might transact other business with Cap Cana relating to the development of its resort properties in the Dominican Republic.

### C.    PRAXI'S WINNING BID

According to the Amended Complaint, Praxi's bid of $85 million prevailed.    Praxi acknowledges that it was required to sign a formal purchase contract with Cap Cana within a term not exceeding 30 days from the date it was declared the winner.    (Am. Comp. ¶ 9).    Cap Cana ultimately "extended the deadline several times" for Praxi's benefit.    (*Id.* ¶ 11).

### D.    PRAXI AND CAP CANA FAIL TO REACH AN AGREEMENT

Negotiations in connection with the purchase and sale agreement continued over the summer and into September.    Praxi alleges that over the course of these discussions the parties contemplated Cap Cana maintaining an equity interest and management role in Las Iguanas (*id.* ¶¶ 12–14), and that Deutsche Bank worked contemporaneously with Praxi to reach a financing agreement.    (*Id.* ¶ 15).    These efforts proved unsuccessful.    Because "finalization of the purchase and sales agreement depended on . . . financing," Praxi's failure to reach a definitive financing agreement precluded the acquisition of Las Iguanas from proceeding.    (*Id.* ¶ 11).    Praxi admits

---

Deutsche Bank Defendants' Motion to Dismiss the First Amended Complaint as Exhibits A and B ("Smith Decl., Ex. __"), respectively.

5

that it was aware that the "critical task" of obtaining financing was a "substantial remaining predicate" to the execution of any purchase and sale agreement for the property. (*Id.* ¶ 14).

In September, after multiple extensions and with no financing agreement in place approximately three months following the announcement of Praxi's winning bid, Praxi alleges that Cap Cana "terminated discussions regarding the pending purchase and sale agreement" and "demanded that Praxi release it from the bid process." (*Id.* ¶¶ 16–17).

### E.    CAP CANA PURSUES ALTERNATIVE DEVELOPMENT OPTIONS FOR LAS IGUANAS

In place of Praxi, Cap Cana allegedly negotiated with the Deutsche Bank Defendants "and others," (*id.* ¶ 22), to finance the development of its resort property, including Las Iguanas, without Praxi and to address its other financial requirements. Praxi alleges that DBSI, an affiliate of Deutsche Bank, was selected by Cap Cana to assist in this financing, along with a Morgan Stanley entity. (*Id.* ¶ 19).

### III.    <u>PROCEDURAL HISTORY</u>

Praxi filed its original Complaint in this action on November 2, 2007, and its Amended Complaint on November 7, 2007. In the Amended Complaint, Praxi charges Cap Cana with breach of contract and breach of fiduciary duties relating to its failure to perform in accordance with a purported joint venture between the parties and its procurement of alternative means for the development of Las Iguanas. (*Id.* ¶¶ 18–23). Praxi also asserts a claim for promissory estoppel against Cap Cana on the grounds that it reasonably and foreseeably relied to its detriment on Cap Cana's "promises" to jointly develop the property. (*Id.* ¶ 24–26).

The allegations against the Deutsche Bank Defendants are based on their role in Cap Cana's decision to "circumvent[] Praxi and develop[] the Cap Cana resort, including Las

Iguanas" on its own. (*Id.* ¶ 28).   According to the Amended Complaint the Deutsche Bank

Defendants "intentionally persuaded, and thereby induced Cap Cana . . . to abrogate the bid

process" and "breach" the alleged "joint venture agreement." (*Id.*).   It also charges the Deutsche

Bank Defendants with having "intentionally induced" Cap Cana "to violate" its alleged fiduciary

duties to Praxi and participating in Cap Cana's "breach of trust" by "directly financing" Cap

Cana's development of its properties. (*Id.* ¶ 31).   Praxi seeks damages in excess of $200 million

resulting from the Deutsche Bank Defendants' conduct. (*Id.* ¶¶ 29–32).

## ARGUMENT

### I.     THE COURT SHOULD DISMISS THE AMENDED COMPLAINT PURSUANT TO THE DOCTRINE OF FORUM NON CONVENIENS

The Deutsche Bank Defendants incorporate by reference the arguments set forth in Cap

Cana's Memorandum of Law in support of dismissal on forum non conveniens grounds. (*See*

Cap Cana Br. at I.B.).   For those reasons, the Amended Complaint should be dismissed in its

entirety.

### II.     PRAXI'S AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

If the Court elects to retain jurisdiction over this lawsuit, it should dismiss the claims

against the Deutsche Bank Defendants for failure to state a claim upon which relief can be

granted.   To survive a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6),

Praxi must provide "the grounds upon which [its] claim rests through factual allegations

sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns v. Shaar Fund,*

*Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965

(2007)).   It is axiomatic that "bald assertions and conclusions of law" cannot salvage otherwise

7

deficient allegations even at the pleadings stage. *Law Offices of Curtis V. Trinko, LLP v. Bell Atl. Corp.*, 309 F.3d 71, 74 (2d Cir. 2002) (quotation marks and citation omitted). Praxi's claims will "fail as a matter of law . . . if . . . not legally feasible." *Fitzpatrick v. Sony-BMG Music Entm't, Inc.*, No. 07 Civ. 2933 (SAS), 2008 WL 84541, at *2 (S.D.N.Y. Jan. 8, 2008).

### A.   PRAXI HAS FAILED TO STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT

Praxi's Fourth Claim for Relief is for tortious interference with contract as against the Deutsche Bank Defendants. In order to state such a claim, Praxi must show: (1) "the existence of a valid contract between the plaintiff and a third party"; (2) the "defendant's knowledge of the contract"; (3) the "defendant's intentional procurement of the third-party's breach of the contract without justification"; (4) "actual breach of the contract"; and (5) "damages resulting therefrom." *Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 424 (1996). Praxi is also required to "identify a specific contractual term that was breached." *Sedona Corp. v. Ladenburg Thalmann & Co.*, No. 03 Civ. 3120 (LTS), 2005 WL 1902780, at *18 (S.D.N.Y. Aug. 9, 2005) (quotation marks and citation omitted). In addition, "the plaintiff must assert that defendant's actions were the 'but for' cause of the alleged breach of contract – that is, that there would not have been a breach but for the activities of the defendant." *Granite Partners, L.P. v. Bear, Stearns & Co.*, 17 F. Supp. 2d 275, 293 (S.D.N.Y. 1998); *Sedona Corp.*, 2005 WL 1902780, at *18.

8

1.    <u>**Praxi Has Failed to Allege the Existence of a Contract**[3]</u>

The entirety of Praxi's case against the Deutsche Bank Defendants is predicated upon a contractual joint venture agreement with Cap Cana.  The Amended Complaint, however, is devoid of allegations sufficient to establish the existence of such an agreement.  The Court is respectfully referred to the Memorandum of Law filed in support of Cap Cana's Motion to Dismiss for an explanation of Praxi's failure to establish the existence of a contract under the law of the Dominican Republic.  (*See* Cap Cana Br. at II.B.).

Praxi's own Amended Complaint belies its claim that a joint venture agreement existed with Cap Cana.  Praxi cannot refer to a document memorializing the purported joint venture between the parties, and its inclusion of its Third Claim for Relief (Promissory Estoppel) is tacit evidence of its hesitation with regard to whether a contract was formed.  Concurrently, Praxi admits in the Amended Complaint that no agreement was in place when Cap Cana exercised its right to cancel the adjudication of the bidding process.  (Am. Comp. ¶ 11).  For example, when describing the alleged joint venture, Praxi expresses its attributes in a forward-looking manner, using phrases such as "was to" and "would be."  (*Id.* ¶¶ 11–14).  It also characterizes the purchase and sale agreement as something the parties were "working towards" and as "pending." (*Id.* ¶¶ 16, 19).  Additionally, the same paragraphs of the Amended Complaint spell out the

---

[3] For purposes of this motion to dismiss, the Deutsche Bank Defendants assume New York law governs Praxi's claims for tortious interference.  Under New York's choice of law rules, however, the first element of this claim – the existence of a valid contract between Cap Cana and Praxi – is a question of Dominican Republic law.  *See Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941) (federal court sitting in diversity must employ the choice of law rules of the forum in which it is located); *see also Weizman Inst. of Sci. v. Neschis*, 229 F. Supp. 2d 234, 250 (S.D.N.Y. 2002) ("[B]ecause Plaintiffs have alleged that a contract formed by the by-laws of a [foreign] foundation is the basis for their . . . tortious interference with contract claims, it may be appropriate for the Court to look to [the foreign] law to determine whether a contract existed."); *Don King Prods., Inc. v. Douglas*, 742 F. Supp. 741, 772 n.30 (S.D.N.Y. 1990) (observing that a tortious interference with contract claim "appears to be the sort of 'mixed' claim that might call for exercise of *depeçage*, i.e., application of separate law to distinct issues").  Independent of the New York choice of law analysis, the choice of law provision in the bid documents also calls for the application of Dominican Republic law to this issue.  (*See* Cap Cana Br. at I.A.).

details of the proposed venture only as a consequence of the sale of Las Iguanas, a transaction which never occurred. (*Id.*). It is evident that Praxi has not adequately pleaded the existence of the contractual relationship that is at the center of the instant dispute and its claims against the Deutsche Bank Defendants.

### 2.    Praxi Has Failed to Allege That the Deutsche Bank Defendants Caused Any Breach of Contract

In addition to its failure to allege Cap Cana's breach of an existing agreement, Praxi's tortious interference with contract claim is also deficient because the Amended Complaint clearly does not charge the Deutsche Bank Defendants with being the "but for" cause of Cap Cana's alleged breaches. Praxi's conclusory allegations of the Deutsche Bank Defendants' "inducement" of Cap Cana are insufficient.

New York law requires plaintiffs to plead a causal connection between the tortious interference and the breach of contract. *See Mina Inv. Holdings, Ltd. v. Lefkowitz*, 16 F. Supp. 2d 355, 359 (S.D.N.Y. 1998). Although the pleadings need not state explicitly that the contract would have otherwise been completed, "there must be at least an allegation that there would not have been a breach but for the activities of defendants." *Sp. Event Entm't v. Rockefeller Ctr., Inc.*, 458 F. Supp. 72, 78 (S.D.N.Y. 1978). Praxi has failed in this regard.

The Amended Complaint lacks allegations of "but for" causation. Instead, Praxi has alleged in conclusory fashion only that the Deutsche Bank Defendants "persuaded, and thereby induced" Cap Cana to thwart the bid process and develop Las Iguanas without Praxi's involvement. (Am. Comp. ¶ 28). Praxi has not asserted that the sole reason for Cap Cana's alleged breach was the Deutsche Bank Defendants' misconduct. In a similar case, a court dismissed defendant's counterclaim for tortious interference because its allegation that "plaintiff

10

participated in efforts 'to conspire with [third party] to breach or repudiate its Lease with [the

defendant]'" did not adequately establish "but for" causation. *Crossland Fed. Sav. Bank v. 62nd*

*& First Assocs., L.P.*, No. 92 Civ. 4056 (LLS), 1993 WL 410461, at *4 (S.D.N.Y. Oct. 12, 1993)

(citation omitted). The court found that the defendant's allegations "in no way foreclose[d] other

reasons" for the third party's decision to violate its contract with defendant. *Id.*

Likewise, Praxi has not and cannot allege that there are no other reasons behind Cap

Cana's termination of the supposed joint venture with Praxi. The Amended Complaint is in fact

ripe with other bases for Cap Cana's decision to walk away. Indeed, Praxi admits that the initial

30-day deadline imposed by the bidding documents for consummation of the purchase had to be

extended several times because of Praxi's inability to secure the necessary financing. (*See* Am.

Comp. ¶ 11). Months after being announced as the winning bidder it had yet to obtain the

financing that was a condition precedent to the finalization of any agreement. (*See* Am. Comp.

¶¶ 14–16).

In addition, through its allegations of Cap Cana's role in the undoing of their relationship,

Praxi has further demonstrated that it cannot plead "but for" causation. In *Granite Partners*, the

court explained that allegations of "collusion involving a party to the contract indicates as a

matter of law that the party involved was predisposed to breach its contractual obligations; thus,

the allegedly interfering party cannot be the 'but for' cause of the breach." 17 F. Supp. 2d at

294. Here, Praxi has similarly "allege[d] facts . . . establishing" that Cap Cana was

"predisposed" towards terminating any agreement, and therefore its "claim for tortious

interference must be dismissed for failure to plead 'but for' causation." *Id.* at 293–94; (*see also,*

*e.g.,* Am. Comp. ¶ 16) ("Cap Cana, S.A. and Deutsche Bank, while still purporting to work with

Praxi, *agreed* to circumvent Praxi and do business directly with each other . . . .") (emphasis

11

added); (*id.* at ¶ 19) (outlining independent steps taken by Cap Cana to exclude Praxi).  Praxi's

allegations, if anything, demonstrate that the alleged breach by Cap Cana would have occurred

independent of any "tortious interference" by the Deutsche Bank Defendants.  Because Praxi has

not and cannot allege that the Deutsche Bank Defendants were the "but for" cause of Cap Cana's

alleged breach, its Fourth Claim for Relief must be dismissed.

### 3.    Praxi Has Not Properly Alleged Cap Cana's "Actual Breach"

Assuming that a contract did exist, Praxi nonetheless failed to allege properly an "actual

breach" by Cap Cana, the fourth element of this cause of action.  *See Kirch v. Liberty Media*

*Corp.*, 449 F.3d 388, 402 (2d Cir. 2006).  In *Kirch* the plaintiff alleged only that its contractual

partner "walked away, and [the project] fell apart." *Id.* (citation omitted).  The Second Circuit

agreed with the district court's determination that the allegations made by plaintiff did not

amount to "actual breach." *Id.* (observing that the proper inference to be drawn from the phrase

"walked away" is that the party decided not to proceed with the project, not that it "violated the

terms of a contract . . . when it did so").  Similarly, Praxi alleges merely that Cap Cana

"[i]gnor[ed] its agreement with Praxi" and "terminated discussions," i.e., it walked away. (Am.

Comp. ¶ 16).  Nowhere does Praxi allege a breach of the terms of any contract.  *See, e.g., Am.*

*Bldg. Maint. Co. of N.Y. v. Acme Prop. Servs.*, 515 F. Supp. 2d 298, 315 (N.D.N.Y. 2007)

("[T]here is no claim in the Amended Complaint that any client violated the terms of a concrete

services contract with [plaintiff], and, therefore, actually breached such a contract; without such

an allegations [sic], [plaintiff's] tortious interference with contract claim cannot go forward.").

Certainly, Praxi has failed to satisfy the additional requirement that it specify the contractual

terms that were breached due to the Deutsche Bank Defendants' interference.  *See Sedona Corp.,*

2005 WL 1902780, at *18.  Praxi's failure to plead this additional requisite element of its

tortious interference with contract claim presents an independent basis for its dismissal.

### 4.    Praxi's Allegations are Conclusory and Insufficient

Independently, Praxi's claims are inadequate in that they are conclusory and not

"supported by sufficient allegations of fact."  *Mina*, 16 F. Supp. 2d at 359.  In addressing tortious

interference claims, courts reject bare assertions of causation and require specific factual

allegations of the circumstances causing any alleged breach of contract.  For example, in *Mina*

the plaintiff included a "but for" allegation but failed to plead any other facts.  The court found

that "this conclusory allegation without any relevant supporting facts is insufficient to a state a

cause of action for tortious interference with contractual relations . . . ."  *Id.* at 360.  It follows

that allegations that conversations with a third-party caused a breach of an agreement are

insufficient.  *See Washington Ave. Assocs., Inc. v. Euclid Equip., Inc.*, 229 A.D.2d 486, 487 (2d

Dep't 1996) (holding that claim that a contracting party breached a lease "because of"

conversations with defendant "without a factual basis to support it, was insufficient to state a

cause of action" for tortious interference with contractual relations); *150 E. 58th St. Partners,*

*L.P. v. Wilkhahn Wilkening & Hahn GmbH & Co.*, No. 97 Civ. 4262 (SHS), 1998 WL 65992, at

*2 (S.D.N.Y. Feb. 17, 1998) (finding that without "factual underpinnings," allegations that

defendant "actively induced and persuaded" and "conspired together" were not enough to

survive "even the liberal standard of Rule 12(b)(6)" (internal quotation marks omitted)); *see also*

*M.J. & K. Co. v. Matthew Bender & Co.*, 220 A.D.2d 488, 490 (2d Dep't 1995) (ruling that

allegations that third parties cancelled contracts with plaintiff because of defendant's improper

conduct cannot stand without supporting factual basis); *ECOR Solutions, Inc. v. Malcolm Pirnie,*

*Inc.*, No. 02 Civ. 0110 (NAM), 2005 WL 1843253, at *3–*4 (N.D.N.Y. July 29, 2005)

13

(dismissing claim for failure to provide "factual support for the allegation that defendants intentionally procured the breach" where "the complaint correctly state[d] [the] legal elements necessary to prevail on the merits."). Clearly, courts readily dismiss conclusory allegations of tortious interference at the pleadings stage.

Like the plaintiffs in the foregoing cases, Praxi has not provided a factual background to buttress its allegations, nor can it. For example, Paragraph 16 of the Amended Complaint merely alleges that Cap Cana and Deutsche Bank "agreed to circumvent Praxi and do business directly with each other," while Paragraph 28 states that Deutsche Bank "persuaded, and thereby induced" Cap Cana to end its association with Praxi. Neither self-serving claim provides the means or sequence of events by which Deutsche Bank purportedly accomplished these acts. Nor does Praxi ever posit a motive, economic or otherwise, for the Deutsche Bank Defendants to have induced Cap Cana's alleged breach. New York law requires that Praxi do more than simply recite the hornbook elements of this cause of action in order to survive a motion to dismiss. *See 150 E. 58th St. Partners*, 1998 WL 65992, at *1 (noting that New York "law requires some factual specificity in pleading tortious interference") (quoting *World Wide Commc'ns, Inc. v. Rozar*, No. 96 Civ. 1056 (NRB), 1997 WL 795750, at *7 (S.D.N.Y. Dec. 30, 1997)). Praxi has not done so here.

## B.    PRAXI HAS FAILED TO STATE A CLAIM OF TORTIOUS INTERFERENCE WITH FIDUCIARY DUTIES

Tortious interference with fiduciary duties is a claim rarely found in New York case law. Those reported cases where the cause of action has been alleged suggest that the elements are: "(1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that the plaintiff suffered damages as a result of the breach."

14

*Hannex Corp. v. GMI, Inc.*, 140 F.3d 194, 203 (2d Cir. 1998) (citations omitted). The second element of this claim, inducement or participation, has been characterized as the equivalent of substantial participation in the aiding and abetting context. *See Kolbeck v. LIT Am., Inc.*, 939 F. Supp. 240, 245 (S.D.N.Y. 1996) (describing the elements of aiding and abetting in the same terms as tortious interference). In addition, "the plaintiff must allege that the aiding and abetting defendant proximately caused the harm on which the primary liability is predicated. 'But-for' causation is insufficient; aider and abettor liability requires the injury to be a direct or reasonably foreseeable result of the conduct." *Pension Comm. of Univ. of Montreal Pension Plan v. Bank of America Sec., LLC*, 446 F. Supp. 2d 163, 201 (S.D.N.Y. 2006) (citing *Kolbeck*, 939 F. Supp. at 249). Plaintiff's allegations fail on multiple levels.

### 1.    Praxi Has Failed to Plead the Existence of Fiduciary Duties

The Court is again respectfully referred to the Memorandum of Law submitted by Cap Cana in support of its Motion to Dismiss. As explained therein, Praxi has not alleged the existence of fiduciary duties under the law of the Dominican Republic. (*See* Cap Cana Br. at II.C.). Because Praxi cannot claim that the Deutsche Bank Defendants tortiously interfered with duties that did not exist, this claim cannot stand.

### 2.    Praxi Has Failed to Plead Causation Between the Actions of the Deutsche Bank Defendants and Its Alleged Damages

Even assuming that Praxi successfully pleaded the existence of fiduciary duties, it has not properly alleged other elements of this claim. Praxi has not alleged that the Deutsche Bank Defendants "proximately caused the harm . . . on which the primary [breach of fiduciary duty claim] is predicated." *Bloor v. Carro, Spanbock, Londin, Rodman & Fass*, 754 F.2d 57, 62 (2d Cir. 1985). Rather, Praxi has again merely regurgitated the elements of the cause of action. As

currently constituted, the Amended Complaint only alleges a correlation, i.e., that Cap Cana allegedly breached its contract at the same time it decided to use DBSI to assist it in obtaining financing. Praxi unsuccessfully attempts to spin this correlation into causation by claiming that the debt-offering arrangement is what caused the breakup of the Praxi-Cap Cana relationship. This effort is futile because there is no factual support for it in the Amended Complaint. Praxi cannot make conclusory allegations and pass them off as proper pleadings.

**3.    Praxi's Allegations of the Deutsche Bank Defendants' Tortious Interference With Fiduciary Duties are Purely Speculative**

The Supreme Court recently stated that on a motion to dismiss the plaintiff's "obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1964–65 (2007) (internal quotation marks and citations omitted); *see also Port Dock & Stone Corp. v. Oldcastle N.E., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) ("[A] complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion."); *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007) ("flexible 'plausibility standard' . . . obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible").

In its Fifth Claim for Relief, Praxi has provided nothing aside from baseless accusations and unfounded conclusions. The entirety of this claim is predicated upon Deutsche Bank's engagement by Praxi to assist in obtaining financing for the acquisition of Las Iguanas and DBSI subsequently becoming engaged by Cap Cana to act as joint-book runner for its $500 million offering. Based on the foregoing and that alone, Praxi layers speculation upon speculation to

16

arrive at a claim of "tortious interference" that its factual pleadings do not support. It is precisely implausible claims of this nature that *Twombly* rejected as fundamentally flawed. *See, e.g., Johnson & Johnson v. Guidant Corp.*, No. 06 Civ. 7685 (GEL), 2007 WL 2456625, at *4 (S.D.N.Y. Aug. 29, 2007) (holding that where plaintiff "'ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed'") (quoting *Twombly*, 127 S. Ct. at 1974).

The cases discussed in Section A.4., *supra*, are also instructive here. The absence of any factual underpinnings or support in the Amended Complaint for each of the Deutsche Bank Defendants' roles in the alleged breach of fiduciary duties is equally dispositive of this claim. For this and the other reasons set forth above, the Court should dismiss Praxi's Fifth Claim for Relief.[4]

---

[4] Praxi should be denied further opportunity to amend the Amended Complaint. Leave to amend may be denied "if the amended claim would be futile." *Smith v. CPC Int'l, Inc.*, 104 F. Supp. 2d 272, 274 (S.D.N.Y. 2000). An amendment is regarded as futile "if a proposed claim could not withstand a motion to dismiss pursuant to [Rule 12(b)(6)]." *Barrett v. United States*, 806 F. Supp. 1094, 1098 (S.D.N.Y. 1992). Here, Praxi has already taken the opportunity to amend its Complaint once; it is clear that Praxi can render no further amendments that would overcome the innate legal and factual deficiencies found in the Amended Complaint. As is evident from the foregoing, Praxi cannot in good faith cure its faulty pleadings. Therefore, the Court should refuse to grant Praxi yet another opportunity to rectify its futile claims.

## **CONCLUSION**

For the foregoing reasons, the First Amended Complaint should be dismissed in its entirety, with prejudice, as against defendants Deutsche Bank A.G. and Deutsche Bank Securities Inc.

Dated: New York, New York
      February 7, 2008

Respectfully submitted,

THACHER PROFFITT & WOOD LLP

By:      /s/ Patrick J. Smith
          Patrick J. Smith (psmith@tpw.com)
          Kenneth E. Lee (klee@tpw.com)
          Jeffrey D. Rotenberg (jrotenberg@tpw.com)

          Two World Financial Center
          New York, New York 10281
          (212) 912-7400

          *Attorneys for Defendants Deutsche Bank A.G.*
          *and Deutsche Bank Securities Inc.*