# EXHIBIT 3



## CAPCANA
REPÚBLICA DOMINICANA

**Las Iguanas Bid**

June 8th, 2007

| Name of the participant: | Pyormont Intl. Business / Praxis |
|---|---|
| Offer (US$): | 85,000,000 |

| | Monthly payments | |
|---|---|---|
| | % | Amount (US$) |
| 0 - signature | 100% | 85,000,000 |
| Month 1 | 0% | - |
| Month 2 | 0% | - |
| Month 3 | 0% | - |
| Month 4 | 0% | - |
| Month 5 | 0% | - |
| Month 6 | 0% | - |
| Month 7 | 0% | - |
| Month 8 | 0% | - |
| Month 9 | 0% | - |
| Month 10 | 0% | - |
| Month 11 | 0% | - |
| Month 12 | 0% | - |
| Month 13 | 0% | - |
| Month 14 | 0% | - |
| Month 15 | 0% | - |
| Month 16 | 0% | - |
| Month 17 | 0% | - |
| Month 18 | 0% | - |
| Month 19 | 0% | - |
| Month 20 | 0% | - |
| Month 21 | 0% | - |
| Month 22 | 0% | - |
| Month 23 | 0% | - |
| Month 24 | 0% | - |
| Month 25 | 0% | - |
| Month 26 | 0% | - |
| Month 27 | 0% | - |
| Month 28 | 0% | - |
| Month 29 | 0% | - |
| Month 30 | 0% | - |
| Month 31 | 0% | - |
| Month 32 | 0% | - |
| Month 33 | 0% | - |
| Month 34 | 0% | - |
| Month 35 | 0% | - |
| Month 36 | 0% | - |
| **Total** | **100%** | **85,000,000** |

| NPV (US$) | 85,000,000 |
|---|---|
| Discount rate (annual) | 6.000% |
| Discount rate (monthly) | 0.487% |

Participant's signature

Cap Cana's signature

Notary's signature

(Seal: Lic. Pedro Rhier Reyes, Higüey, R.D., Notario Público-2239)

| ESCROW AGREEMENT<br>(GF # _____) | CONTRATO DE ESCROW<br>(GF # _____) |
|---|---|
| THIS ESCROW AGREEMENT ("Agreement") is made and entered into as of the ___, day of _____ of 2007, by and between Cap Cana, S.A., a company organized and existing pursuant to the laws of the Dominican Republic, with a National Contributors Register (RNC) of the Dominican Republic No. 1-24-01489-1, with its main offices and corporate domicile located at calle Alberto Larancuent No. 8, Naco, Santo Domingo, República Dominicana, duly represented herein by its President, Mr. Ricardo Hazoury Toral, Dominican, of legal age, married, doctor in medicine, bearer of the Identity and Electoral Card/Passport No. 001-0100038-8, domiciled at Santo Domingo, Dominican Republic ("Cap Cana"); and, Pyomont International Business LTD, a company organized and existing pursuant to the laws of British Virgin Islands (BVI), with its main offices and corporate domicile located at Pasea Estate, Road Town, Tortola, British Virgin Islands, duly represented herein by Mr. Casto Dario Arias Almonte, Dominican, of legal age, single, holder of the Identity and Electoral Card/Passport No.001-0075658-4, domiciled at Santo Domingo, Dominican Republic; and. Mrs Milagros Altagracia Arias Almonte, Dominican, of legal age, single, domiciled at Santo Domingo, Dominican Republic, holder of the Identity and Electoral Card/Passport No. 001-0145711-7; ("Participant"); Cap Cana and Participant are sometimes collectively identified as the "Parties" or individually as a "Party". The Parties hereto mutually desire to appoint STEWART TITLE DOMINICANA, S.A., with an address at Avenida Sarasota, No. 20, Torre Empresarial AIRD, Piso 7, Suite 7-Sur-Este, Ensanche La Julia, Santo Domingo, Dominican Republic, represented by its General Manager, Lissette Balbuena Zeller, Dominican, of legal age, holder of the Identity and Electoral Card No. 037-0057022-3, to provide the services described herein ("Escrow Agent"). | ESTE CONTRATO DE "ESCROW" ("Contrato"), se celebra el dia ___ de _____ de 2007, entre Cap Cana, S.A. una sociedad comercial organizada y existente de conformidad con las leyes de la Republica Dominicana, con Registro Nacional de Contribuyente (RNC) No. 1-24-01489-1, con domicilio y asiento social ubicado en la calle Alberto Larancuent No.8, Naco, Santo Domingo, República Dominicana, debidamente representada por su Presidente, señor Ricardo Hazoury Toral, dominicano, mayor de edad, casado, doctor, portador de la Cédula de Identidad y Electoral No. 001-0100038-8, domiciliado en la Avenida Pedro Henríquez No.54, La Esperilla, Santo Domingo, República Dominicana; ("Cap Cana") y, Pyomont International Business LTD; sociedad comercial organizada y existente de conformidad con las leyes de Las Islas Vírgenes Británicas, con domicilio y asiento social ubicado en Pasea Estate, Road Town, Tortola, Islas Vírgenes Británicas, debidamente representada por el Sr. Casto Dario Arias Almonte, dominicano, mayor de edad, soltero, portador de la Cédula de Identidad y Electoral/Pasaporte No. 001-0075658-4, domiciliado en la ciudad de Santo Domingo, República Dominicana, y, la Sra. Milagros Altagracia Arias Almonte, dominicana, mayor de edad, soltera, domiciliada en la ciudad de Santo Domingo, República Dominicana, portadora de la cédula de identidad y electoral No. 001-0145711-7, ("Participante"); algunas veces denominados conjuntamente como las "Partes" o individualmente como las "Partes". Las Partes acuerdan designar a STEWART TITLE DOMINICANA, S. A., una compañía organizada y existente de conformidad con las leyes de la República Dominicana, con su domicilio y asiento social en el Avenida Sarasota, No. 20, Torre Empresarial AIRD, local 7 Sur-Este, 7mo piso, Ensanche La Julia, Santo Domingo; debidamente representada por su Gerente General, Lissette Balbuena Zeller, dominicana, mayor de edad, portadora de la Cédula de Identidad y Electoral No. 037-0057022-3, para que provea los servicios aquí descritos ("Agente de Escrow"). |
| 1) Escrow Agent hereby agrees to act, as the depository hereunder, and to hold and disburse the Escrowed Funds (as defined below) in accordance with the provisions of this Agreement. | 1) El Agente de Escrow acepta actuar como depositario, y mantener y desembolsar los Fondos Depositados en "Escrow" (según se define a continuación) de conformidad con las disposiciones de este Contrato. |
| 2) The real property which is the subject of this Agreement is located in Juanillo, Higuey, La Altagracia Province, Dominican Republic, and described as follows: A portion of land of approximately 280,000 square meters located withing the Parcel No. 367-B-43-REFUND.-7 of District Cadastral No. 11 of the Municipality of Higuey, Provincia La Altagracia (the "Property or the Parcel"). | 2) El inmueble objeto de este Contrato se ubica en Juanillo, Higuey, Provincia La Altagracia, República Dominicana y se describe de la siguiente manera: Una porción de terreno de aproximadamente 280,000 metros cuadrados ubicados dentro del ámbito de la Parcela 367-B-43-REFUND.-7 del Distrito Catastral No. 11 del Municipio de Higuey, Provincia La Altagracia (el "Inmueble o la Parcela"). |
| 3) The Parties mutually desire to create an escrow account with Escrow Agent for the purpose of receiving, holding and distributing the funds deposited as required herein (the "Escrowed Funds"), subject to the terms and conditions set forth herein below. | 3) Las Partes acuerdan crear una cuenta de "Escrow" con el Agente de Escrow al efecto de recibir, mantener y distribuir los fondos depositados conforme se dispone en este contrato (los "Fondos en Escrow"), sujeto a los términos y las condiciones que se establecen a continuación. |
| 4) Escrow Agent will not open Escrow Account and disburse any Escrowed Funds until each Party provide Escrow Agent with: i) Copy of personal identification document (Cédula de Identidad y Electoral for Dominicans), and copy of Passport and Driver License (for foreigners); ii) In the event that one or both of the Parties is/are a Corporation or other legal entity, such Party (ies) shall provide Escrow Agent with a copy of the Articles of Incorporation/Association, Company Bylaws, Company Resolution and powers(s) of attorney | 4) El Agente de Escrow no abrirá una Cuenta de Escrow ni desembolsará "Fondos Escrow" hasta que cada Parte haga entrega al Agente de Escrow de la siguiente documentación: i) copia de la Cédula de Identidad y Electoral (para los Dominicanos) y copia del Pasaporte y de la Licencia de Conducir (para los extranjeros); ii) en caso de que alguna o ambas Partes sea/sean una sociedad comercial u otra persona moral, |




or other document(s) which grant(s) legal authority to the authorized signatory to act as the legal representative for the entity for the matters related to this Agreement and to sign on behalf of the entity; iii) if money was deposited through wire transfer: copy of the wire transfer confirmation; iv) original of the Form W-9 (USA citizens) or W-8 (Non residents or USA Citizens) duly filled and signed by the Participant.

5) The (initial/total) sum of One Million Dollars of the United State of America USD$1,000,000.00, shall be deposited by Participant with Escrow Agent by wire transfer or checks. In case of deposits made by check this shall be no greater than USD$15,000.00. Escrowed Funds shall be deposited into the Stewart Title Dominicana, S.A. Escrow Account at Comerica Bank, N.A. (the "Escrow Account"). Neither the Participant nor any intended payee shall be entitled to earn or receive any interest from the Escrowed Funds. The Escrow Agent shall not disburse any funds until it has received final credit for any funds deposited in the Escrow Account. If the undersigned parties fail to provide any documentation required by this agreement or by the disbursement instructions, the Escrow Agent shall not liable for any delay in disbursement, including, without limitation, any amounts payable to third parties.

6) The wiring instructions must include identifying information of the transfers, and are as follows:

Bank Name:       Comerica Bank
Address: 2015 Manhattan Beach Blvd., Redondo Beach, CA 90278-1205, USA
Federal Routing Number: 111000753
Swift: MNBDUS33
Account Name: Stewart Title Dominicana, S.A.
Account Number: 1881056813
Reference: Licitación La Iguanas - Cap Cana

7) As payment for the services performed by Escrow Agent pursuant to this Agreement, the Participant hereby agrees to pay directly to Escrow Agent, upon the initial disbursement in the escrow account, an amount equal to USD$1,740.00. In the event of lack of fault to accomplish with this payment obligation of the Escrow Agent's fees, according to this Agreement, the Escrow Agent is authorized by the Parties to retain in its favor, the equivalent from the amount of the Escrowed Funds deposited at the Escrow Account, which will be deducted from the total amount to be paid to the beneficiary of such funds, according to this Agreement.

8) Disbursement Instructions. The disbursements instructions must be given by the same person/entity that appears in the bank statement as the senders of the funds, if not, documentary evidence showing the relationship between the parties must be shown. Escrowed Funds shall be disbursed pursuant to the Disbursement Instructions shown on Exhibit "A and B", executed by the parties and attached hereto and made a part hereof for all purposes, and subject to the terms of

---

dicha Parte(s) deberán entregar al Agente de Escrow copia de la Escritura Constitutiva, de los Estatutos Sociales vigentes, de las Actas donde consten las Resoluciones que tomen en Asambleas, Juntas de Socios o Consejo de Administración y del(de los) poder(es) u otro(s) documento(s) que otorgue(n) facultades legales a quien suscribe el Contrato para actuar como representante legal de la persona moral para los fines del presente Contrato y para firmar en representación de la persona moral; iii) si el dinero es depositado por medio de transferencia bancaria: una copia del recibo de la transferencia; iv) original del formulario W-9 (Ciudadanos Norteamericanos) o W-8 (No residentes ni Ciudadanos Norteamericanos), completado y firmado por el Participante.

5) El Participante del Inmueble deberá depositar la cantidad (inicial/total) de Un Millón de Dólares de los Estados Unidos de América (USD$1,000,000.00) en la cuenta del Agente de Escrow mediante transferencia electrónica o cheques. En caso de depósitos por cheques, éstos no podrán exceder a la suma de USD$15,000.00. Los Fondos en Escrow deberán depositarse en la cuenta de "Escrow" de Stewart Title Dominicana, S.A. en Comerica Bank, N.A. (la "Cuenta de Escrow"). Ni el Participante ni ningún beneficiario previsto estará facultado para devengar o percibir interés alguno de los Fondos en Escrow. El Agente de Escrow no desembolsará fondos hasta que no haya recibido el crédito final por cualesquiera fondos depositados en la Cuenta de Escrow. Si las Partes y/o el beneficiario incumple en el suministro de cualquier documento requerido por este Contrato o por las Instrucciones de desembolso, el Agente de Escrow, no será responsable por cualquier retraso en el desembolso, incluyendo, sin limitación, cualesquiera montos pagaderos a terceros.

6) Las Instrucciones de transferencia deberán incluir información de identificación de las transferencias y son las siguientes:

Bank Name:       Comerica Bank
Address: 2015 Manhattan Beach Blvd., Redondo Beach, CA 90278-1205, USA
Federal Routing Number: 111000753
Swift: MNBDUS33
Account Name: Stewart Title Dominicana, S.A.
Account Number: 1881056813
Reference: Licitación La Iguanas - Cap Cana

7) Como pago por los servicios realizados por el Agente de Escrow conforme a este Contrato, El Participante acuerda pagar directamente al Agente de Escrow, al momento del desembolso inicial, en la Cuenta de Escrow, la cantidad equivalente a USD$1,740.00. Para el caso de incumplimiento de esta obligación de pago de los honorarios al Agente Escrow, mediante el Contrato, el Agente de Escrow queda autorizado por las Partes a retener a su favor el equivalente de dicho monto de los fondos depositados en la Cuenta de Escrow, lo cual le será deducible del monto total a pagar a la parte beneficiaria de dichos fondos, conforme a este Contrato.

8) Instrucciones de Desembolso. Las instrucciones de desembolso deben ser otorgadas por la misma persona/entidad que aparece como el depositante de los fondos en el estado bancario; en caso contrario, deberá proporcionarse la documentación que evidencie la relación entre las Partes. Los Fondos en Escrow deberán desembolsarse conforme a las



7

this Agreement. The Disbursement Instructions shall specify:

i) All conditions which must be satisfied prior to disbursement;
ii) The amount of each disbursement;
iii) The name of the payee of each disbursement;
iv) The purpose of each disbursement; and
v) The wire transfer information of the payee of each disbursement.

Disbursement instructions will not be enforceable until they have been approved and signed by Escrow Agent; if Disbursement Instructions are not received within three (3) business days after the signing of this Escrow Agreement, any funds deposited in Escrow Account may be returned to depositor at the sole discretion of Stewart Title Dominicana.

In case that the Cap Cana failed to comply with its obligations or if the Project is not developed as a result the Cap Cana or any of its associates enter a state of bankruptcy, investigation or subjection due to money laundering originating from the illicit trafficking of drugs and controlled substances, insolvency, judicial intervention or administration, or any similar process, all sums deposited in the Escrow Account will be released and disbursed to the Participant and this Agreement will be terminated without the need of judicial intervention, Escrow Agent will be released of all responsibility.

9) In the event any dispute arises with regard to these Escrowed Funds, and/or if Escrow Agent deems it necessary to do so, Escrow Agent shall have, and is hereby granted, the right, at its' sole discretion: i) to return the Escrowed Fund to Participant, less any fees or expenses incurred, without any further obligation to Participant; ii) to deposit such funds in the registry of a court having jurisdiction over the disputed matter as noted herein below in section 11 C, and deduct from the Escrowed Funds Escrow Agent's fees and costs, including court costs and attorney fees for the same; or iii) to employ legal counsel of its choice. Escrow Agent shall be entitled to rely upon any determinations of fact by, interpretation of this Agreement or of the "Exhibit A" by, or the opinion of, such counsel, and to take such action as shall be directed by said counsel, including, without limitation, the payment of the Escrowed Fund into a court of competent jurisdiction for determination by said court of the party entitled thereto. If in connection with the employment of such counsel by Escrow Agent under this agreement, Escrow Agent incurs any out-of-pocket expenses, including bank commissions, attorney fees, all such expenses shall be paid from the Escrow Fund.

10) The Parties jointly and severally acknowledge and agree that Escrow Agent shall not be liable for anything that it may do or refrain from doing in connection herewith except its own gross negligence or willful misconduct. The Escrow Agent is not responsible or liable in any manner whatsoever for the sufficiency, correctness, genuineness or validity of the subject matter of any escrow established pursuant to this Agreement, or any documents, instructions or directions received by the Escrow Agent hereunder; and, the undersigned Parties agree to indemnify, protect, defend, save and hold the Escrow

instrucciones de desembolso especificadas en el Anexo "A and B", adjuntas a este Contrato, firmadas por las Partes y que forman parte integrante del mismo para todos los efectos, y las cuales están sujetas a los términos de este Contrato. Las instrucciones de desembolso deberán especificar:

i) Todas las condiciones que deberán cumplirse antes del desembolso;
ii) El monto de cada desembolso;
iii) El nombre del beneficiario de cada desembolso;
iv) El concepto de cada desembolso; y
v) La información de transferencia electrónica del beneficiario de cada desembolso.

Las instrucciones de desembolso no serán aplicables hasta que hayan sido aprobadas y firmadas por el Agente de Escrow; si las instrucciones de desembolso no son recibidas dentro de los tres (3) días hábiles siguientes a la firma de este Contrato, cualquier fondo depositado en la Cuenta de Escrow podrá ser devuelto al depositante a juicio de Stewart Title Dominicana.

En caso de que el Cap Cana no cumpla con sus obligaciones asumidas o si el Proyecto no llegase a desarrollarse a consecuencia de que el Cap Cana o cualquiera de sus socios entren en estado de quiebra, insolvencia económica, investigación o sometimiento por lavado de activos, intervención judicial o administrativa, o cualquier proceso judicial similar, la totalidad de los Fondos en Escrow serán liberados y desembolsados al Participante y este Contrato quedará rescindido de pleno derecho sin necesidad de recurrir a los Tribunales Dominicanos, quedando el Agente de Escrow liberado de toda responsabilidad frente las Partes.

9) En el caso de que surja cualquier conflicto en relación con los Fondos en Escrow, y/o si el Agente de Escrow lo considera necesario, el Agente de Escrow tendrá, y se le otorga en este contrato, el derecho, a su juicio, de: i) reembolsar los Fondos en Escrow a el Participante, menos los gastos o cuotas incurridas, sin obligación posterior para el Participante; ii) consignar dichos fondos ante un tribunal con jurisdicción sobre la materia del conflicto, según se indica abajo en la sección 11 C de este Contrato y de descontar de los Fondos en Escrow, los honorarios y costos del Agente de Escrow, incluyendo costas y honorarios de abogados generados por este motivo; o iii) emplear asesoría legal de su elección. El Agente de Escrow está autorizado para confiar en cualquier determinación de hecho, interpretación de este Contrato o del Anexo A por tal asesoría o la opinión del asesor, y tomar tal acción como sea recomendada por tal asesor, incluyendo, sin limitación, el pago de los Fondos en Escrow en cumplimiento de una sentencia o auto de una corte de jurisdicción competente para la determinación de la parte facultada para ello. Si en conexión con el empleo de tal asesoría bajo este Contrato, el Agente de Escrow incurre en cualquier gasto, incluyendo comisiones bancarias, honorarios de abogados, tales gastos serán pagados de los Fondos en Escrow.

10) Las Partes conjunta y solidariamente, reconocen y acuerdan que el Agente de Escrow no será responsable por lo que haga o deje de hacer en relación con este Contrato, salvo por culpa grave o dolo. El Agente de Escrow no será responsable de modo alguno por la suficiencia, veracidad, autenticidad o validez del contenido de cualquier "escrow" constituido conforme a este Contrato, o cualesquier documentos, instrucciones o indicaciones recibidas por

```
```
Agent harmless from all losses, costs, damages, liabilities, expenses, and attorneys' fees suffered or incurred by the Escrow Agent as a result of any and all claims asserted against the Escrow Agent with respect to any act or omission by the Escrow Agent taken in good faith in any and all matters covered by this Escrow Agreement in accordance with the instructions or directions set forth herein, except as caused by the Escrow Agent's gross negligence or willful misconduct.

11) The Escrow Agent may resign for any reason upon thirty (30) calendar days' written notice to the parties to this Escrow Agreement. Upon the expiration of such thirty (30) calendar day notice or upon the expiration of the terms of this Escrow Agreement, Escrow Agent may deliver all property in its possession under this Escrow Agreement to any successor escrow agent appointed in writing by a court having jurisdiction over the matter. Upon either such delivery, the Escrow Agent shall be released from any and all liability under this Escrow Agreement.

12) Miscellaneous Provisions.

   a. Business Day. The term "business day," as used herein, shall mean any calendar day that is not Saturday, Sunday or legal holiday within the Dominican Republic and the United States of America.

   b. No Oral Modification. This Agreement may not be modified, amended or altered except by an agreement in writing signed by all Parties to the Agreement and acknowledged in writing by Escrow Agent.

   c. Governing Law. This Agreement has been prepared, is being executed and delivered, and is intended to be performed in the Dominican Republic, and the substantive laws as well as procedural of such country shall govern the validity, construction, enforcement and interpretation of this Agreement.

   d. Solution of Conflicts. An arbitration tribunal named to that effect will resolve any conflict, difference or claim related to the execution of this Agreement. Said tribunal shall be composed of three (3) arbiters, two (2) of them named by each one by common agreement by the contracting parties and the third by the two chosen arbiters. The arbitration will be carried out in the midst of the Conciliation and Arbitration Chamber of the Camara de Comercio y Producción del Distrito Nacional, Inc., pursuant to Law No.50-87 and its Regulation. The losing party will cover the expenses and fees that said procedure may generate. The ruling to be handed town shall be enforceable.

   e. Notices. Any notice required or sought to be delivered hereunder shall be deemed delivered as follows: (i) within the Dominican Republic, sent through messenger with acknowledge receipt; (ii) if is sent by courier outside the Dominican Republic, no later than the seventh business day of the delivered date to the services company; (iii) if hand delivered, upon delivery; and, (iv) if sent by facsimile, when sent provided the facsimile is received on a business day prior to 2:00 p.m. time of the place of receipt, or on the following business day if sent after 2:00 p.m. time of the place of receipt. Any notice

---

el Agente de Escrow en virtud del presente Contrato; y, las Partes suscritas acuerdan indemnizar, proteger, responder, dejar a salvo y libre de responsabilidad al Agente de Escrow de pérdidas, costos, daños, pasivos, gastos, y honorarios de abogados que sufra o en que incurra el Agente de Escrow como resultado de todas y cada una de las demandas ejercidas en contra del Agente de Escrow, en relación con cualquier acción u omisión por parte del Agente de Escrow hecha de buena fe, para todas y cada una de las cuestiones tratadas en este Contrato, de acuerdo con las instrucciones o indicaciones establecidas en este Contrato, salvo que sean causadas por culpa grave o dolo del Agente de Escrow.

11) El Agente de Escrow podrá dar por terminado por cualquier causa este Contrato, mediante aviso por escrito a las Partes con treinta (30) días laborables de anticipación. Al cumplimiento de dicho plazo de treinta (30) días laborables o al cumplimiento de cualquiera de los términos de este Contrato, el Agente de Escrow podrá entregar todos los bienes que estén en su posesión con motivo del cumplimiento de este Contrato a cualquier Agente de Escrow cesionario designado por escrito por un tribunal que tenga jurisdicción sobre el caso. Al momento de cualquiera de dichas entregas, el Agente de Escrow será liberado de todas y cada una de las obligaciones emanadas de este Contrato.

12) Disposiciones generales.

   a. Día hábil. El término "día hábil", en la manera en que se utiliza en este Contrato, significa cualquier día calendario que no sea Sábado, Domingo o día feriado legalmente establecido, bajo las leyes de la República Dominicana y los Estados Unidos.

   b. Prohibición de modificaciones orales. Este Contrato no puede ser modificado, enmendado o alterado, salvo mediante convenio por escrito firmado por todas las Partes contratantes y ratificado por escrito por el Agente de Escrow.

   c. Legislación aplicable. Este Contrato ha sido elaborado, es celebrado y formalizado, y se pretende que se ejecute en la República Dominicana, y la legislación aplicable y supletoria de dicho país regirá la validez, realización, ejecución e interpretación de este Contrato.

   d. Arbitraje. En caso de disputa, controversia o reclamación en la ejecución o interpretación del presente Contrato, las Partes atribuyen competencia al Consejo de Conciliación y Arbitraje de la Cámara de Comercio y Producción de Santo Domingo, Inc. bajo la Ley 50-87 y su Reglamento. El arbitraje será conducido por tres árbitros, uno elegido para cada una de las Partes. El tercer árbitro será elegido por los árbitros ya seleccionados. La parte perdidosa deberá cubrir los honorarios y gastos que se generen en proceso arbitral. El laudo arbitral emanado tendrá fuerza ejecutoria entre las Partes.

   e. Notificaciones. Cualquier notificación que se requiera o que se pretenda entregar en razón del presente Contrato deberá considerarse entregada: (i) dentro de la República Dominicana, mediante mensajería con acuse de recibo; (ii) si se realiza por courier fuera de la República Dominicana, a más tardar el séptimo día laborable de la fecha de entrega a la compañía de servicio; (iii) si es entregada personalmente, al momento de la entrega; y, (iv) si se envía por facsímil,






will be effective and enforceable to the receiving party from the date of such delivery.

f. Payment. All disbursement(s) required to be made by Escrow Agent under this Agreement shall be made via wire transfer only within five (5) business days of Escrow Agent's receipt of notice and all the conditions and requirements are duly satisfied, and will be made in United States currency.

13) This Agreement is executed in Spanish and English versions, both of which will bind the parties, and both shall constitute the same instrument, but nevertheless in the event of doubt in its correct interpretation, the Spanish version shall prevail.

By the execution hereof, the undersigned Parties fully agree to the terms of this Agreement.

Executed this 31 day of May, 2007.

CAP CANA:

Ricardo Hazoury Toral
RNC/Passport/Identification Card No. 001-0100038-8

PARTICIPANT: PYORMONT INTERNATIONAL BUSINESS LTD.

CASTO DARIO ARIAS ALMONTE
RNC/Passport/Identification Card No.001-0075658-4

MILAGROS ALTAGRACIA ARIAS ALMONTE
RNC/Passport/Identification Card No.001-0145711-7

Acknowledged by:

STEWART TITLE DOMINICANA, S.A. as Escrow Agent

Attachments: Exhibits A and B, Disbursement Instructions

---

al momento de enviarse, en el entendimiento de que el facsímil se reciba en un día laborable antes de las 2:00 PM, hora del lugar de recepción, o al día laborable siguiente, si se manda después de las 2:00 PM, hora del lugar de recepción. Cualquier notificación surtirá efectos y será oponible a la parte receptora a partir de la fecha de recepción de la misma.

f. Pagos. Todos los desembolsos que se requiera que haga el Agente de Escrow en cumplimiento del presente Contrato serán realizados mediante transferencia electrónica de fondos en un plazo de cinco (5) días laborables contado a partir de que el Agente de Escrow reciba el aviso, y que todas las condiciones y requisitos estén debidamente satisfechos, y se harán en moneda de curso legal en los EE.UU.

13) Este Contrato se celebra en versiones español e inglés, de las que ambas obligarán a las Partes, pero ambas constituirán un único instrumento, quedando establecido, sin embargo, que en caso de duda acerca de su correcta interpretación, prevalecerá el texto en español.

Mediante la celebración de este Contrato, las Partes suscritas están de acuerdo con los términos de este Contrato.

Celebrado el 31 de mayo de 2007.

CAP CANA:

Nombre: Ricardo Hazoury Toral
No. de Cédula de Identidad y Electoral: 001-0100038-8

PARTICIPANTE: PYORMONT INTERNATIONAL BUSINESS LTD.

CASTO DARIO ARIAS ALMONTE
RNC/Pasaporte/Cédula de Identidad y Electoral No. 001-0075658-4

MILAGROS ALTAGRACIA ARIAS ALMONTE
RNC/Pasaporte/Cédula de Identidad y Electoral No. 001-0145711-7.

Aceptado por el Agente de Escrow:

STEWART TITLE DOMINICANA, S.A., como Agente de Escrow

Anexos: Anexos A y B, Instrucciones de Desembolso

## NOTICE / *NOTA*

### DISBURSEMENT POLICIES / *POLÍTICAS DE DESEMBOLSO:*

- Escrow Agent will not open Escrow Account and disburse any Escrowed Funds until each Party provide Escrow Agent with all the documents established at point 4 of the Escrow Agreement / *El Agente de Escrow no abrirá una Cuenta de Escrow ni desembolsará "Fondos Escrow" hasta que cada Parte haga entrega al Agente de Escrow de toda la documentación indicada en el punto 4 del Contrato de Escrow.*

- The legal documents and transactional information shall be provided to STD no later than seven (7) days prior to disbursement date or disbursment could be subject to delays / *La documentación legal e información de la transacción deberá ser provista a STD a más tardar siete (7) días antes a la fecha del desembolso o la fecha del desembolso podrá ser objeto de retraso.*

- All wire transfers shall be fully completed no later than four (4) days prior to disbursement date / *Toda transferencia bancaria deberá ser debidamente completada a más tardar cuatro (4) días antes de la fecha del desembolso.*

- All disbursement(s) required to be made by Escrow Agent under the Agreement shall be made via wire transfer only within five (5) business days of Escrow Agent's receipt of notice and all the conditions and requirements are duly satisfied, and will be made in United States currency / *Todos los desembolsos que se requiera que haga el Agente de Escrow en cumplimiento del Contrato de Escrow, serán realizados mediante transferencia electrónica de fondos en un plazo de cinco (5) días laborables contado a partir de que el Agente de Escrow reciba el aviso y que todas las condiciones y requisitos estén debidamente satisfechos, y se harán en moneda de curso legal en los EE.UU.*

  > **Disbursements are subject to delays if these requirements are not met** / ***Los desembolsos están sujetos a retrasos si estos requerimientos no se cumplen.***