Altman & Company P.C.
260 Madison Avenue
22nd Floor
New York, New York 10016
(212) 683-7600

Attorneys for plaintiff Praxi, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRAXI, LLC,

        Plaintiff,

-against-

CAP CANA, S.A., DEUTSCHE BANK A.G.,
and DEUTSCHE BANK SECURITIES INC.,

        Defendants.

07 Civ. 9727 (LTS)

**DECLARATION OF**
**ERIC ROSENBERG**

---

STATE OF NEW YORK )
                      ) ss.:
COUNTY OF NEW YORK)

        ERIC ROSENBERG declares, pursuant to 28 U.S.C § 1746, as follows:

        1.  I am an attorney licensed to practice in this Court and am of counsel to Altman & Company P.C., attorneys for plaintiff Praxi, LLC.  I submit this declaration in opposition to the motions of defendants Deutsche Bank A.G., Deutsche Bank Securities Inc. (collectively, "Deutsche Bank"), and Cap Cana, S.A. to dismiss Praxi's claims against them.  The annexed exhibits -- the first amended and proposed second amended complaints -- and a small part of the following text are relevant to both motions.  Most of the text of this declaration, like that of the accompanying declaration of Darien Dash, is relevant to

Cap Cana, S.A.'s motion to dismiss this action on the basis of the <u>forum non conveniens</u> doctrine.

**Complaint; Amended Complaint**

2. Praxi commenced this action by complaint dated November 2, 2007. On November 9, 2007, prior to service of its original complaint on the defendants, Praxi filed a first amended complaint (Exhibit A hereto) in order to add Deutsche Bank Securities Inc. as a defendant. Praxi made no other material changes in that amended complaint. The first amended complaint is the pleading that Praxi served on the defendants.

**Witness Locations**

3. The persons Praxi whom would currently expect to be its principal witnesses are its two managing directors, Charisse Espinosa and Darien Dash, and Mr. Carlos Sosa. This Court is the most convenient forum for all of them. All three of them reside in New Jersey and the former two of them work in New York City. Mr. Dash and Ms. Espinosa are witnesses to most of the relevant events, including negotiation and formation of Praxi's joint venture with Cap Cana, S.A. and negotiations with Deutsche Bank. Mr. Dash is also a witness to the admissions by Cap Cana, S.A. officers that Deutsche Bank proposed (and thereby induced) Cap Cana, S.A.'s breach of its joint venture and development of the Las Iguanas resort to the exclusion of Praxi.

4. Mr. Sosa was present in several important meetings and telephone conversations in which the parties negotiated their agreements and at least one regarding Deutsche Bank's

interference with Praxi's joint venture. Because he is within the jurisdiction of the United States courts, he can be compelled to testify at a deposition if necessary. However, Praxi does not expect compulsion to be necessary to obtain his testimony.

5. Several Deutsche Bank officers and employees who are employed in New York have or are likely to have relevant personal knowledge. Chief among them is Bradshaw McKee, but his colleagues Nicholas Ferrario, Gonzalo Barbon, and perhaps also Alex Etkes possess such information. Praxi will certainly seek to depose Mr. Bradshaw and probably others of them, as well as other Deutsche Bank officers presently unknown to Praxi. Mr. McKee has knowledge of Praxi's relationship with Deutsche Bank from nearly its inception to its end, including knowledge of Praxi's venture with Cap Cana, S.A. and almost certainly information regarding that company's discussions with Cap Cana, S.A. concerning its direct financing of Las Iguanas to the exclusion of Praxi. Mr. Ferrario and perhaps Mr. Etkes have knowledge of the progress toward a financing arrangement in the summer of 2007 and probably also of Praxi's joint venture. Mr. Barbon presumably knows information relating to Deutsche Bank's decision not to finance Praxi's development of Las Iguanas but instead to include it in the overall financing of Cap Cana to the exclusion of Praxi.

6. Several persons with relevant knowledge who are employed by defendant Cap Cana, S.A., reside in the Dominican Republic. Those persons are Juan Vidiella, Ricardo Hazoury,

3

Manuel Jimenez, and Ana Roman.  Mr. Vidiella has extensive knowledge of the Las Iguanas bid process and negotiations and agreements between Praxi and Cap Cana, S.A.  He also knows of communications with Praxi's Darien Dash regarding Deutsche Bank's inducement of Cap Cana, S.A. to breach the joint venture and may have direct information regarding that inducement.  Cap Cana, S.A. principal Ricardo Hazoury has knowledge of the formation of the joint venture and financing arrangements and discussions with Deutsche Bank, both for Cap Cana, S.A. overall and for Las Iguanas.  Manuel Jimenez, who was present during many discussions with Praxi, has information regarding those communications, communications with Deutsche Bank regarding Las Iguanas, and Cap Cana's decision to cast Praxi aside and develop Las Iguanas itself with financing from Deutsche Bank.  Ana Roman has knowledge of formation of the joint venture, as she participated in some communications regarding its terms.

       7.  Not only are those Dominican witnesses affiliated with Cap Cana, S.A. and therefore accessible to the parties and the Court, but their travel to this Court will not be unduly inconvenient.  Several airlines offer direct flights to Santo Domingo, where Cap Cana, S.A. says it maintains its headquarters.  My understanding, in part from a draft "business plan" that Cap Cana, S.A. took the lead in writing for Las Iguanas,[1] is that Punta Cana airport is only minutes away from the Cap Cana resort.

---

[1] See accompanying declaration of Darien Dash at Exh. F for a copy of that business plan.

American Airlines offers direct flights, and many others offer one-stop flights, between Punta Cana and the New York City area airports.

8. The transportation of documents relevant to this lawsuit should not be burdensome. It is not a big document case. Estimating on the basis of my review of documents to date I will be surprised if Praxi and Cap Cana, S.A. produce more than three boxes of documents. The relevant documents in Deutsche Bank's possession may be more voluminous, if only because big banks and their law firms often generate large volumes of documents. Overall, the majority of the documents are almost certainly located in New York. In any event, Cap Cana, S.A. and its attorneys should have no problem producing documents in New York.

**Proposed Second Amended Complaint**

9. Attached hereto as Exhibit B, in the event that it is required, is a proposed second amended complaint. Additional details regarding Deutsche Bank's interference with Praxi's joint venture have been added to that pleading, particularly at paragraphs 16 to 19.

Dated: February 29, 2008

_____
ERIC ROSENBERG