UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRAXI, LLC,<br><br>      Plaintiff,<br><br>  -against-<br><br>CAP CANA, S.A., DEUTSCHE BANK A.G., and DEUTSCHE BANK SECURITIES INC.,<br><br>      Defendants. | **ECF Case**<br><br>Case No. 07 Civ. 9727 (LTS) |

### REPLY MEMORANDUM OF LAW OF THE DEUTSCHE BANK DEFENDANTS IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

              THACHER PROFFITT & WOOD LLP
              Patrick J. Smith
              Kenneth E. Lee
              Jeffrey D. Rotenberg
              Two World Financial Center
              New York, New York 10281
              (212) 912-7400

              *Attorneys for Defendants Deutsche Bank*
              *A.G. and Deutsche Bank Securities Inc.*

**TABLE OF CONTENTS**

|  | Page |
|---|---|

Table of Authorities ............................................................................................................ i

Introduction ....................................................................................................................... 1

Argument ........................................................................................................................... 2

I.     Praxi's Claims Against The Deutsche Bank Defendants Should Be Dismissed On Forum Non Conveniens Grounds ....................................................................... 2

II.    Praxi's Failure To Allege Cap Cana's Breach Of Contract Mandates Dismissal Of Its Claims Against The Deutsche Bank Defendants .............................................. 2

    A.     Praxi Cannot Overcome Its Failure To Allege The Existence Of A Valid Agreement With Cap Cana ......................................................................... 2

        1.     The Amended Complaint Is Devoid Of Essential Contractual Terms ........ 2

        2.     The Statute Of Frauds Defeats Praxi's Breach Of Contract Claim Under New York Law ........................................................................................... 3

        3.     Praxi Has Admitted That Any Joint Venture Agreement Was Contingent Upon The Finalization Of The Cap Cana-Praxi Purchase And Sale Agreement ................................................................................................... 4

    B.     Praxi's Arguments In Support Of Its Allegations Of Actual Breach Are Flawed .. 5

III.   Praxi Has Not Alleged A Causal Connection Between The Conduct Of Each Of The Deutsche Bank Defendants And Any Alleged Breach Of Contract Or Breach Of Fiduciary Duties By Cap Cana ............................................................................. 6

IV.   Praxi's Motion For Leave To Amend The First Amended Complaint Should Be Denied ................................................................................................................... 8

Conclusion ....................................................................................................................... 10

**TABLE OF AUTHORITIES**

Page

**FEDERAL CASES**

*Acito v. IMCERA Group, Inc.*, 47 F.3d 47 (2d Cir. 1995) .............................................................. 9

*Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
   351 F. Supp. 2d 79 (S.D.N.Y. 2004) ........................................................................................ 5

*Commer v. McEntee*, No. 00 Civ. 7913 (RWS),
   2006 WL 3262494 (S.D.N.Y. Nov. 9, 2006) ............................................................................ 8

*Crossland Fed. Sav. Bank v. 62nd & First Assocs., L.P.*, No. 92 Civ. 4056 (LLS),
   1993 WL 410461 (S.D.N.Y. Oct. 12, 1993) ............................................................................ 7

*Duncan v. AT&T Commcn's*, 668 F. Supp. 232 (S.D.N.Y. 1987) .................................................. 2

*Grissman v. Union Carbide Corp.*, 279 F. Supp. 413 (S.D.N.Y. 1968) ........................................ 4

*In re "Agent Orange" Prod. Liab. Litig.*, 220 F.R.D. 22 (E.D.N.Y. 2004) .................................... 9

*In re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351 (S.D.N.Y. 2003) ........................................ 9

*Innovative Networks, Inc. v. Young*, 978 F. Supp. 167 (S.D.N.Y. 1997) ...................................... 6

*Jones v. Nat'l Commc'n & Surveillance Networks*, No. 05 Civ. 3461 (AKH),
   2006 WL 73623 (S.D.N.Y. Jan. 12, 2006) .............................................................................. 3

*Kirch v. Liberty Media Corp.*, 449 F.3d 388 (2d Cir. 2006) .......................................................... 5

*Langhorne v. Port Auth. of N.Y. and N.J.*, No. 03 Civ. 4610 (RMB),
   2006 WL 148936 (S.D.N.Y. Jan. 18, 2006) ............................................................................ 6

*Mina Inv. Holdings, Ltd. v. Lefkowitz*, 16 F. Supp. 2d 355 (S.D.N.Y. 1998) ................................ 6

*Savarese v. Gallagher*, No. 99 Civ. 4181 (LMM),
   2001 WL 1382581 (S.D.N.Y. Nov. 7, 2001) ....................................................................... 7-8

*Sedona Corp. v. Ladenburg Thalmann & Co.*, No. 03 Civ. 3120 (LTS),
   2005 WL 1902780 (S.D.N.Y. Aug. 9, 2005) ........................................................................... 5

*Solutia Inc. v. FMC Corp.*, 456 F. Supp. 2d 429 (S.D.N.Y. 2006) ................................................ 3

**STATE CASES**

*Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413 (1996).................................................. 5

*Spodek v. Riskin*, 150 A.D.2d 358 (2d Dep't 1989) ........................................................................ 4

## **INTRODUCTION**

The sharp rhetoric in the opposition of Praxi, LLC ("Praxi") to the defendants' motions to dismiss cannot compensate for the gross pleading deficiencies in the Amended Complaint. Most prominent among these deficiencies remains Praxi's failure to allege adequately a binding contract with Cap Cana, S.A. ("Cap Cana"), the lynchpin of its entire case. Praxi's effort to salvage its claims by asserting that New York, rather than Dominican, law governs its purported joint venture agreement with Cap Cana has the opposite effect: in the absence of a writing, the agreement alleged cannot stand under New York law. Praxi's failure to allege a valid contract with Cap Cana (and its breach) defeats the two claims for secondary liability against Deutsche Bank A.G. and Deutsche Bank Securities Inc. (collectively, the "Deutsche Bank Defendants").

Tellingly, while Praxi attempts to correct deficiencies as to other elements of its claims against the Deutsche Bank Defendants with its proposed Second Amended Complaint, it makes no effort to supplement its inadequate contract claim. The lack of additional facts supporting the existence of a binding agreement between Praxi and Cap Cana reflects the fact that no such contract was ever consummated and that discovery will show nothing to the contrary.

In its opposition Praxi also ineffectually attempts to derive "but for" causation from the Amended Complaint's sparse allegations. Its proposed amendments do not remedy Praxi's failure to satisfy its pleading burden as to this essential element of its tortious interference claims. Independently, Praxi's motion for leave to amend should be denied on both practical and equitable grounds because (1) Praxi had knowledge of its new allegations at the time it filed the original and Amended Complaints, (2) the defendants have expended substantial resources in responding to the Amended Complaint, (3) Praxi seeks leave to amend solely to stave off dismissal of its claims, (4) Praxi ignored the defendants' efforts to meet and confer in accordance

with the Court's rules and (5) even with its proposed amendments, Praxi fails to state a claim against the Deutsche Bank Defendants.

## ARGUMENT

**I. PRAXI'S CLAIMS AGAINST THE DEUTSCHE BANK DEFENDANTS SHOULD BE DISMISSED ON FORUM NON CONVENIENS GROUNDS**

The Deutsche Bank Defendants incorporate by reference the arguments set forth in Cap Cana's Reply Memorandum of Law in support of dismissal on forum non conveniens grounds. For those reasons, the Amended Complaint should be dismissed in its entirety with prejudice.

**II. PRAXI'S FAILURE TO ALLEGE CAP CANA'S BREACH OF CONTRACT MANDATES DISMISSAL OF ITS CLAIMS AGAINST THE DEUTSCHE BANK DEFENDANTS**

**A. Praxi Cannot Overcome Its Failure to Allege the Existence of a Valid Agreement With Cap Cana**

1. <u>The Amended Complaint is Devoid of Essential Contractual Terms</u>

Praxi's entire case depends on the existence of a valid contract with Cap Cana. Praxi predicates four of its five claims, including both of its claims against the Deutsche Bank Defendants, on the existence of such a contract. In its Memorandum of Law in Opposition to Deutsche Bank's Motion to Dismiss ("Opposition Brief") and related filings, Praxi claims that it has pled a joint venture agreement. However, allegations that are so "baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains" are insufficient. *Duncan v. AT&T Commcn's*, 668 F. Supp. 232, 234 (S.D.N.Y. 1987).

Praxi relies exclusively on allegations of this nature to conclude that it is "absurd" for the Deutsche Bank Defendants to question the existence of a contract between it and Cap Cana. (Opp. Br. at 12). There is, however, nothing "absurd" about questioning the existence of an alleged contract for an $85 million foreign real estate transaction, which was neither memorialized on paper nor, it seems, remembered in enough detail to be described in any of

2

Praxi's filings. For instance, the Declaration of Darien Dash ("Dash Declaration") fails to note the duration of the alleged contract, the division of construction, operating and other costs, or a dispute resolution process in the event that the purported venturers disagreed as to some matter – all facets of a typical contract. Praxi is also unable to explain why or how Cap Cana, a "substantial" corporation (Praxi's Memorandum of Law in Opposition to Cap Cana's Motion to Dismiss at 12), would enter into a massive and expensive undertaking without detailing in writing any of its features. *See Solutia Inc. v. FMC Corp.*, 456 F. Supp. 2d 429, 444 (S.D.N.Y. 2006). Indeed, Cap Cana's detailed writings prepared in connection with the original bid request eliminate this possibility.

Thus, the totality of the circumstances as alleged indicates that the parties were, at most, discussing the joint development and management of Las Iguanas, but were to sign a fully integrated contract once the sale of Las Iguanas was completed or at least financed. To conclude otherwise, that Cap Cana and Praxi were to embark upon a joint venture with or without Praxi's prior acquisition of Las Iguanas, is illogical and unsupported by the pleadings. A "complaint is not saved by conclusory allegations that are inconsistent with . . . a common sense understanding of those facts." *Jones v. Nat'l Commc'n & Surveillance Networks*, No. 05 Civ. 3461 (AKH), 2006 WL 73623, at *9 (S.D.N.Y. Jan. 12, 2006). Applying this standard to Praxi's allegations, the Amended Complaint should be dismissed.

    2. <u>The Statute of Frauds Defeats Praxi's Breach of Contract Claim Under New York Law</u>

Praxi curiously derides the Deutsche Bank Defendants' failure to raise the statute of frauds as "laughable." (Opp. Br. at 13). To begin with, the Deutsche Bank Defendants made no mention of the New York statute of frauds in their opening brief because the law of the Dominican Republic governs the alleged contract at issue. Assuming, however, that New York

3

law does apply, Praxi incorrectly asserts that the statute of frauds does not apply to joint venture agreements. (Opp. Br. at 13 n.7). An "oral agreement for a joint venture, which has, as its object, the conveyance of an interest in real property from one venturer to another is a contract subject to the Statute of Frauds." *Spodek v. Riskin*, 150 A.D.2d 358, 359 (2d Dep't 1989). By Praxi's own admission, the purchase of Las Iguanas was the "most fundamental" aspect of the purported joint venture. (Opp. Br. at 12). Thus, the statute of frauds nullifies any oral agreement regarding the transfer of Las Iguanas from Cap Cana to Praxi.

Concurrently, "New York would not allow a cause of action for inducing breach of contractual relations where the underlying contract has been held to be unenforceable because of the Statute of Frauds." *Grissman v. Union Carbide Corp.*, 279 F. Supp. 413, 418 (S.D.N.Y. 1968) (citing *Steinberg v. Universal Machinenfabrik GMBH*, 24 A.D.2d 886, 887 (2d Dep't 1965)). Therefore, the DB Defendants may not be held liable with respect to the purported joint venture agreement – a contract that is unenforceable under both the laws of the Dominican Republic and New York.

        3.    <u>Praxi Has Admitted That Any Joint Venture Agreement Was Contingent Upon the Finalization of the Cap Cana-Praxi Purchase and Sale Agreement</u>

In the Opposition Brief, Praxi attempts to separate its alleged joint venture agreement from the bidding process and the attendant purchase and sale agreement in an effort to show that consummation of the latter was not a condition precedent for the former. However, Praxi cannot escape its own pleadings, which fatally undermine this effort. Paragraph 12 of the Amended Complaint plainly describes the purchase and sales agreement as a component of the purported joint venture. Paragraph 11 also admits that any joint venture was contingent upon the "finalization of the purchase and sales agreement" and that Praxi's failure to reach a definitive financing agreement precluded the acquisition of Las Iguanas from proceeding. (Amended

4

Compl. ¶ 11). This fact is reinforced in Paragraph 14 where Praxi admits that it was aware that the "critical task" of obtaining financing was a "substantial remaining predicate" to the execution of any purchase and sale agreement for the property. Thus, the Amended Complaint contradicts Praxi's contention that "while it was negotiating with Deutsche Bank and Cap Cana, S.A. to consummate its acquisition of Las Iguanas pursuant to the bidding process, it finalized a joint venture agreement with Cap Cana . . . ." (Opp. Br. at 6-7).

Plainly, according to the Amended Complaint, at a minimum, the purchase and sale agreement was a condition precedent to any joint venture agreement. It is also clear that Praxi cannot run from the contents of its pleadings. *See Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 351 F. Supp. 2d 79, 96 (S.D.N.Y. 2004) ("A party's assertion of fact in a pleading is a judicial admission by which it is normally bound.") (quoting *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985)). Praxi's attempt to separate its supposed joint venture from the purchase and sale agreement, a smokescreen for the fact that the failure to consummate the sale of Las Iguanas to Praxi precluded the consummation of any joint venture agreement, should be rejected.

  **B.**  **Praxi's Arguments in Support of Its Allegations of Actual Breach are Flawed**

A prima facie claim of tortious interference with contract requires the plaintiff to plead "actual breach," that is, allege with some level of specificity the exact contractual terms breached by the contractual counterparty. *Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 424 (1996). Praxi's Amended Complaint fails to do so, averring simply that Cap Cana "ignored its agreement" and "terminated discussions" with Praxi. (Amended Compl. ¶ 16). Under the standard set forth in *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 402 (2d Cir. 2006) and *Sedona Corp. v. Ladenburg Thalmann & Co.*, No. 03 Civ. 3120 (LTS), 2005 WL 1902780, at *18 (S.D.N.Y. Aug. 9, 2005), general allegations of this nature are insufficient to satisfy the "actual"

5

breach element of its claim. The Opposition Brief does not advance Praxi's cause. Unlike the cases cited by the Deutsche Bank Defendants, none of those referenced by Praxi involve a dispute over whether a plaintiff sufficiently alleged an "actual breach." (*See* Opp. Br. at 12-14). Accordingly, Praxi has failed to satisfy the pleading requirements imposed by the Second Circuit and its claims must be dismissed.

### III. PRAXI HAS NOT ALLEGED A CAUSAL CONNECTION BETWEEN THE CONDUCT OF EACH OF THE DEUTSCHE BANK DEFENDANTS AND ANY ALLEGED BREACH OF CONTRACT OR BREACH OF FIDUCIARY DUTIES BY CAP CANA

Praxi responds to the Deutsche Bank Defendants' arguments concerning the absence of allegations of "but for" causation by seeking to marginalize this essential element of its claims. However, Praxi cannot escape the fact that the Amended Complaint fails to assert a causal connection between the actions of either of the Deutsche Bank Defendants and any breach of contract or duty. *See Innovative Networks, Inc. v. Young*, 978 F. Supp. 167, 180 (S.D.N.Y. 1997); *see also Mina Inv. Holdings, Ltd. v. Lefkowitz*, 16 F. Supp. 2d 355, 360 (S.D.N.Y. 1998) (requiring allegations of "but for" causation for each individual defendant and noting that plaintiff "cannot satisfy that requirement merely by alleging that two or more defendants acted in concert to cause the breach").[1]

The sequence of events as presented by Praxi begins with its retention of Deutsche Bank to assist it in obtaining financing in connection with its subsequent winning bid for Las Iguanas in spring 2007. (Amended Compl. ¶¶ 10-11 ). What follows is Praxi's continuous inability to secure financing for the Las Iguanas purchase, resulting in Cap Cana granting several extensions

---

[1] Praxi's allegations of the Deutsche Bank Defendants' knowledge of its purported joint venture agreement with Cap Cana are also deficient. Allegations that the Deutsche Bank Defendants "intentionally persuaded, and thereby induced Cap Cana to abrogate the bid process and breach the joint venture" or "with knowledge of Cap Cana's relationship with Praxi, intentionally induced Cap Cana to violate its duties to Praxi" are plainly insufficient. (Amended Compl. ¶¶ 28, 31); *see Langhorne v. Port Auth. of N.Y. and N.J.*, No. 03 Civ. 4610 (RMB), 2006 WL 148936, at *3 (S.D.N.Y. Jan. 18, 2006).

to the original 30-day deadline date.  (*See* Amended Compl. ¶ 11).  These extensions were granted over the two to three months prior to when Praxi alleges the tortious interference took place.  (*See id.*).  Praxi then alleges that at some time in early August 2007 it entered into an unwritten joint venture agreement with Cap Cana (*see* Amended Compl. ¶ 12), but fails to provide any supporting details to back up this assertion.  With the purchase and sale agreement still not consummated, Cap Cana then elected to terminate its relationship with Praxi and sought to finance the development of Las Iguanas and other of its properties with the assistance of an offering to be jointly managed by DBSI and Morgan Stanley.  (*See* Amended Compl. ¶ 16).  From this bare chronology Praxi deduces that the Deutsche Bank Defendants must have tortiously interfered with the joint venture but, once more, fails to substantiate its claims.

      Collectively, these factual allegations do not satisfy Praxi's burden of pleading causation.  The fact that Cap Cana allegedly engaged DBSI in connection with a note offering around the time it terminated its relationship with Cap Cana simply cannot suffice.  Taking the Amended Complaint's allegations as a whole, the temporal proximity between Cap Cana's termination of its dealings with Praxi and its subsequent engagement of DBSI is plainly insufficient to show causation.  These allegations also fail to "foreclose" the possibility that Cap Cana's decision to terminate its alleged agreement with Praxi was made for reasons other than interference by the Deutsche Bank Defendants, and in fact suggest otherwise.  *Crossland Fed. Sav. Bank v. 62nd & First Assocs., L.P.*, No. 92 Civ. 4056 (LLS), 1993 WL 410461, at *4 (S.D.N.Y. Oct. 12, 1993).

      Praxi's reliance on *Savarese v. Gallagher*, No. 99 Civ. 4181 (LMM), 2001 WL 1382581, at *1 (S.D.N.Y. Nov. 7, 2001) is misplaced.  (Opp. Br. at 15).  There, to show causation, the plaintiff identified a host of wrongdoing by the defendant, which included making false representations, negotiating contracts to the detriment of the plaintiff and embroiling the

7

plaintiff's client in costly litigation for which the defendant deceitfully blamed plaintiff. *Savarese*, 2001 WL 1382581, at *7. This alleged interference understandably may have resulted in the breach of plaintiff's contract with his client. *Id.* The breadth of the allegations in *Savarese* stand in stark contrast to the paucity of details provided in the Amended Complaint, and by no means support Praxi's claim that "thin" allegations suffice here. (Opp. Br. at 16).

In sum, Praxi has not alleged sufficiently that either Deutsche Bank Defendant was the "but for" cause of any breach by Cap Cana and its attempts to cloak its shortcomings regarding this essential element should not stave off dismissal of its claims. For good reason, courts require plaintiffs to allege at the pleadings stage that the defendant's interference actually caused the breach in question. Were it otherwise, every breach of contract or fiduciary duty followed by the establishment of a new, related business relationship would give rise to a tortious interference claim.

### IV. PRAXI'S MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT SHOULD BE DENIED

Courts "may deny a motion to amend when the movant knew . . . of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay . . . ." *Commer v. McEntee*, No. 00 Civ. 7913 (RWS), 2006 WL 3262494, at *18 (S.D.N.Y. Nov. 9, 2006). Further, "[l]eave to amend a complaint will generally be denied when the motion to amend is filed solely in an attempt to prevent the Court from granting a motion to dismiss . . . particularly when the new claim could have been raised earlier." *Id.* Here, Praxi knew all of the facts now alleged at the time of the filing of the original and Amended Complaints and, faced with the defendants' motions, seeks amendment solely to prevent the Court from dismissing its claims.

8

Moreover, leave to amend should be denied "where additional expenditures of time and effort . . . would be required by the court and parties" and where "extensive briefs and supporting evidence now before the court in the pending motion to dismiss are predicated on the present complaint." *In re "Agent Orange" Prod. Liab. Litig.*, 220 F.R.D. 22, 26 (E.D.N.Y. 2004). Again, both concerns are implicated here. Both Cap Cana and the Deutsche Bank Defendants expended a significant amount of time and money in moving to dismiss the Amended Complaint.

Praxi's decision to ignore this Court's meet and confer requirements also supports denial of its motion. On January 23, 2008, the Deutsche Bank Defendants sent a letter to Praxi seeking to meet and confer regarding their contemplated motion to dismiss. (*See* Notice of the Deutsche Bank Defendants' Motion to Dismiss the First Amended Complaint, dated February 7, 2008). The Deutsche Bank Defendants provided Praxi with a summary outline of its motion along with a representative selection of the cases on which they intended to rely. Praxi did not respond to this letter during the ensuing two weeks prior to the Deutsche Bank Defendants' filing. The Deutsche Bank Defendants have expended significant time and resources in addressing the deficiencies in the Amended Complaint. Therefore, Praxi should not be given another opportunity to remedy these deficiencies by the inclusion of additional factual allegations it has known about from the outset of this litigation.

Courts also deny leave to amend where a party has "given the Court no indication that [it] can amend [its] complaints to plead legally sufficient claims." *In re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351, 392 (S.D.N.Y. 2003); *see also Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995). Here, Praxi's proposed amendments cannot salvage its claims against the Deutsche Bank Defendants. In particular, the cornerstone allegations concerning Praxi's contract with Cap Cana and any attendant fiduciary duties between these parties remain

insufficient. Moreover, the new allegations of causation are inadequate to show that Cap Cana's alleged breach is attributable to actions undertaken by each of the Deutsche Bank Defendants. As such, the supplementation would be futile and cause only additional delay in the final resolution of this case. Additionally, the proposed new paragraphs do not explain DBSI's role, if any, in the purported tortious interference. These allegations pertain solely to Deutsche Bank. Thus, if the Court grants leave to amend, it should nonetheless dismiss Praxi's claims against DBSI with prejudice.

## CONCLUSION

In light of the foregoing, the Deutsche Bank Defendants respectfully request that Praxi's Amended Complaint be dismissed with prejudice and leave to amend denied.

Dated: New York, New York
       March 20, 2008

THACHER PROFFITT & WOOD LLP

By: /s/          Patrick J. Smith
    Patrick J. Smith (psmith@tpw.com)
    Kenneth E. Lee (klee@tpw.com)
    Jeffrey D. Rotenberg (jrotenberg@tpw.com)

    Two World Financial Center
    New York, New York 10281
    (212) 912-7400

*Attorneys for Defendants Deutsche Bank A.G. and Deutsche Bank Securities Inc.*