UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
PRAXI, LLC,

                Plaintiff,

      vs.                              Case No. 07 Civ. 9727 (LTS)

CAP CANA, S.A., DEUTSCHE BANK A.G. and
DEUTSCHE BANK SECURITIES, INC.,

                Defendants.
-----------------------------------------------------------------x


**REPLY MEMORANDUM OF LAW OF DEFENDANT CAP CANA, S.A. IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**


Simpson Thacher & Bartlett LLP
Jonathan K. Youngwood
Tamala T. Boyd
425 Lexington Avenue
New York, New York  10017-3954
Phone: (212) 455-2000

*Attorneys for Defendant*
CAP CANA, S.A.

## Table of Contents

|     | Page |
| --- | ---: |
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 2 |
| I. THE FORUM SELECTION CLAUSE ENCOMPASSES AND CONTROLS PLAINTIFF'S MODIFIED CLAIMS | 2 |
| II. CAP CANA'S MOTION TO DISMISS ON FORUM NON CONVENIENS GROUNDS SHOULD BE GRANTED | 3 |
|     A. Plaintiff's Choice Of Forum Is Entitled To Little Deference | 4 |
|     B. The Balance Of Public And Private Factors Greatly Favors Litigation In The Dominican Republic | 4 |
| III. PLAINTIFF HAS NOT STATED ANY CLAIMS AGAINST CAP CANA | 6 |
|     A. Plaintiff Fails Properly To Allege The Existence Or Breach Of A Joint Venture | 7 |
|         1. Plaintiff Does Not Properly Allege Joint Control | 7 |
|         2. Plaintiff Does Not Properly Allege Intent To Form A Joint Venture | 8 |
|         3. Oral Joint Ventures Are Terminable At Will | 9 |
|     B. Plaintiff Has Set Forth No Claim For Promissory Estoppel | 9 |
| CONCLUSION | 10 |

## Table of Authorities

## <u>CASES</u>

*Aguas Lenders Recovery Group, LLC v. Suez, S.A.*, 2008 U.S. Dist. LEXIS 16283 (S.D.N.Y. March 3, 2008)..................................................................................................4

*Artco, Inc. v. Kidde, Inc.*, 1993 U.S. Dist. LEXIS 21227 (S.D.N.Y. Dec. 28, 1993).....................9

*Clark-Fitzpatrick Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382 (1987) ..........................................9

*Dagen v. CFC Group Holdings*, 2002 U.S. Dist. LEXIS 25767 (S.D.N.Y. March 7, 2002) ......................................................................................................................................10

*DIRECTV Group, Inc. v. Darlene Invs., LLC*, 2006 U.S. Dist. LEXIS 69129 (S.D.N.Y. August 10, 2006) ........................................................................................................8

*Ebker v. Tan Jay Int'l, Ltd.*, 739 F.2d 812 (2d Cir. 1984) ..............................................................9

*Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386 (2d Cir. 2001) ..............................................6

*Foster v. Kovner*, 840 N.Y.S.2d 328 (N.Y. App. Div. 2007) .........................................................9

*Guidi v. Inter-Cont'l Hotels Corp.*, 224 F.3d 142 (2d Cir. 2000)....................................................4

*Iragorri v. United Tech. Corp.*, 274 F.3d 65 (2d Cir. 2001)...........................................................4

*Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518 (1947) ..........................................................3

*McGhan v. Ebersol*, 608 F. Supp. 277 (S.D.N.Y. 1985) ................................................................7

*Polargrid LLC v. Videsh Sanchar Nigam Ltd.*, 2006 U.S. Dist. LEXIS 17531 (S.D.N.Y. April 7, 2006)...............................................................................................................9, 10

*Rivkin v. Coleman*, 914 F. Supp. 76 (S.D.N.Y. 1996) ...................................................................9

*Shandell v. Katz*, 464 N.Y.S.2d 177 (N.Y. App. Div. 1983) .........................................................9

*Spodek v. Riskin*, 540 N.Y.S.2d 879 (N.Y. App. Div. 1989).........................................................9

*Stratford Group, Ltd. v. Interstate Bakeries Corp.*, 590 F. Supp. 859 (S.D.N.Y. 1984) ......................................................................................................................................7

*Zeising v. Kelly*, 152 F. Supp. 2d 335 (S.D.N.Y. 2001)..................................................................7

Defendant Cap Cana, S.A. ("Cap Cana") respectfully submits this reply memorandum of law, together with the declarations of Jonathan K. Youngwood, sworn to on March 20, 2008 ("Youngwood Decl."), and Luis Miguel Pereyra C., sworn to on March 19, 2008 ("Supp. Pereyra Decl.") in reply to Plaintiff's Memorandum of Law in Opposition to Cap Cana, S.A.'s Motion to Dismiss Claims Against It (the "Opposition").

## PRELIMINARY STATEMENT

This case involves a forum selection clause that requires the case to be litigated in the Dominican Republic, a Dominican defendant, Dominican land, events that took place almost exclusively in the Dominican Republic, an alleged plan to form a new Dominican corporation, Dominican witnesses and evidence located primarily in the Dominican Republic. Plaintiff has articulated no reason, other than personal preference, as to why it would be proper to litigate this action in a United States Court. The Opposition's references to Cap Cana's various alleged contacts with the United States that are not tied to the allegations of the First Amended Complaint (the "Complaint") are irrelevant to the forum issue. This case should be dismissed in deference to the Courts of the Dominican Republic.

In the alternative, the Complaint should be dismissed for failure to state a claim. Plaintiff effectively concedes as much by abandoning the Complaint in favor of a proposed Second Amended Complaint. But even this further amendment lacks allegations sufficient to withstand a motion to dismiss.[1] Of note, the Opposition does resolve one issue – it is now clear that Plaintiff *does not* claim a breach of the *Basis Resumida Licitacion Desarrollo De Las Iguanas* (the "Tender Specifications"), the written contract governing the sale of Las Iguanas, or

---

[1] To the extent Praxi's annexation of the new complaint to the Declaration of Eric Rosenberg ("Rosenberg Decl.") is deemed a motion to amend, it should be denied as futile. *See* Reply Memorandum of the Deutsche Bank Defendants at 9-10.

1

any other written agreement. Instead, Plaintiff's claims hinge on vague and conclusory allegations of an alleged oral joint venture. Such allegations are inadequate under both Dominican and New York law. The promissory estoppel claim should also be dismissed.

## ARGUMENT

### I. THE FORUM SELECTION CLAUSE ENCOMPASSES AND CONTROLS PLAINTIFF'S MODIFIED CLAIMS

Plaintiff does not deny the validity and enforceability of the forum selection clause embedded within the Tender Specifications. Instead, Plaintiff asserts that the clause does not encompass the alleged oral joint venture or the claim of promissory estoppel because only the first sentence of the Spanish version of the relevant paragraph references Dominican courts. That sentence states: "It is expressly understood that, in the event of conflicts or interpretation of the terms and regulations of this agreement, they shall be governed by the laws and law-courts of the Dominican Republic." Notwithstanding Plaintiff's abandonment of any claim of breach of the written agreement, it is difficult to imagine how adjudication of Plaintiff's allegations of an alleged oral joint venture could be resolved without interpreting the Tender Specifications. Indeed, the First Amended Complaint repeatedly references the Tender Specifications and bidding process and so intermingles this process with the alleged joint venture that it is difficult to ascertain which one is allegedly at issue. *See, e.g.,* Compl. ¶¶ 1, 2, 9, 10, 11, 16, 17, 19, 22, 25, 28.

Moreover, Plaintiff has placed before this Court an English language version of the Bidding Agreement that Plaintiff purports to have relied upon during the Bidding Process.[2]

---

[2] The English version is referenced in Darien Dash's Declaration ("Dash Decl."). Dash Decl. ¶ 4. Mr. Dash states that he does not speak Spanish. *See id.* ¶ 3. He therefore presumably relied upon the English version of the Tender Specifications when he elected to participate in the bidding process.

2

That version includes the following forum selection clause: "It is expressly understood in the case of conflict or interpretation of the terms and regulations of the present document, that same shall be governed by the laws and courts of the Dominican Republic. All documents to be signed as a result of the present document shall be governed by the laws and courts of the Dominican Republic." Dash Decl., Ex. C § 8. The reference in the second sentence to "[a]ll documents to be signed as a result of the present document" and the instruction that such further agreements also "be governed by the laws and courts of the Dominican Republic" further demonstrates the mandatory nature of the forum selection clause as it applies to this dispute. Any writing that would have ultimately memorialized the alleged joint venture would unquestionably have been a "document[] to be signed as a result of" the Bidding Agreement.[3]

## II.    CAP CANA'S MOTION TO DISMISS ON FORUM NON CONVENIENS GROUNDS SHOULD BE GRANTED

Even were there no forum selection clause, this case would still properly be dismissed in this Court's discretion on the grounds of forum non conveniens. This case involves an alleged agreement involving a Dominican company to develop land in the Dominican Republic. If the allegations of the Complaint are to be believed, the parties allegedly planned to share ownership of a new Dominican company that would manage this development project. The majority of the relevant documents signed by Plaintiff or its representatives were in Spanish. *See* Youngwood Decl. ¶ 6. Trial in the Dominican Republic, where most of the relevant witnesses reside, would "best serve the convenience of the parties and the ends of justice." *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527 (1947). Courts consider the following

---

[3]    Plaintiff disregards the second sentence of the forum selection clause because the second sentence in the Spanish version does not include the word "courts". Under Dominican law, however, the first sentence of the clause is broadened by this second sentence. *See* Supp. Pereyra Decl. ¶¶ 5-7.

3

three criteria in addressing forum non conveniens motions: (1) the adequacy of the alternative forum, (2) the degree of deference accorded plaintiff's choice of forum and (3) a balance of the private and public interests. *Iragorri v. United Tech. Corp.*, 274 F.3d 65, 71-73 (2d Cir. 2001). The Opposition does not (nor could it) dispute that the Dominican Republic is an adequate alternate forum; this Reply focuses on the two remaining prongs.

### A. Plaintiff's Choice Of Forum Is Entitled To Little Deference

Deference to a plaintiff's choice of forum is diminished when "plaintiff is a corporation doing business abroad and can expect to litigate in foreign courts," *Guidi v. Inter-Cont'l Hotels Corp.*, 224 F.3d 142, 147 (2d Cir. 2000), or when "it is motivated by tactical advantage." *Aguas Lenders Recovery Group, LLC v. Suez, S.A.*, 2008 U.S. Dist. LEXIS 16283, at *17 (S.D.N.Y. March 3, 2008). Praxi was willing to purchase and develop land in the Dominican Republic. Plaintiff's representatives traveled to the Dominican Republic in connection with the project and were allegedly willing to form a Dominican company to manage this investment and development. Dash Decl. ¶¶ 8, 17. Significantly, Plaintiff twice agreed to subject itself to the laws and courts of the Dominican Republic: once, as discussed above, when it bound itself to the Tender Specifications and again when it submitted its bid and signed the Escrow Agreement.[4]

### B. The Balance Of Public And Private Factors Greatly Favors Litigation In The Dominican Republic

Where, as here, the alleged misconduct and the majority of evidence is centered in a foreign forum, private factors favor dismissal. Plaintiff attempts to cloud this analysis by

---

[4] The Escrow Agreement states: "C. <u>Governing Law</u>. This Agreement has been prepared, is being executed and delivered, and is intended to be performed in the Dominican Republic, and the substantive laws as well as procedural of such country shall govern the validity, construction, enforcement and interpretation of this Agreement." Spence Decl., Ex. 3 ¶ 12(c).

4

arguing that Cap Cana already does business in the United States and therefore, in Plaintiff's view, should not object to litigating here. This is not the test. The only private factor Plaintiff seriously suggests weighs in its favor is availability of witnesses. Specifically, Plaintiff points to the location of three witnesses, two of whom are the managing directors of Praxi (and therefore under Praxi's control). Rosenberg Decl. ¶¶ 3-4; Opp'n at 12. We understand the third potential witness (Mr. Sosa) is related to one of the managing directors. But there are over ten potential witnesses located in the Dominican Republic for whom Dominican courts are more convenient than this Court. *See* Youngwood Decl. ¶¶ 3-5 (identifying Cap Cana's possible witnesses). A number of these witnesses are non-parties and presumably would be unavailable for compulsory process as trial witnesses in the United States. Plaintiff's attempt to claim Deutsche Bank's convenience for its own in order to buttress its private factor arguments should be rejected because Deutsche Bank has joined in the forum portion of Cap Cana's motion.

Plaintiff does not directly address the issue of documents other than to say that there may not be many. The total number of documents remains to be determined but, not surprisingly given that the case involves Dominican land allegedly being developed through a Dominican company, most of the relevant ones will likely be in Spanish. *See id.* ¶ 6.

Plaintiff fares no better with respect to public interests. The New York courts have no significant interest in adjudicating a dispute involving the development of land in another country. Cap Cana's financing and marketing are not relevant to Plaintiff's claim. Nor is the fact that at some point in the future, Praxi was to allegedly "oversee" operations of the Project from New York. Conversely, the Dominican Republic has a strong interest in regulating transactions involving its land, citizens and corporations.

5

Finally, the Tender Specifications require that Dominican law govern this case. The second sentence of the forum selection clause provides that all documents to be signed as a result of the Tender Specifications shall be governed by the laws of the Dominican Republic. Spence Decl., Ex. 2 § VIII. Any alleged joint venture arose as a result of the Tender Specifications. The result is the same under a common law conflict of laws analysis: Plaintiff traveled to the Dominican Republic "several times," and formed a Dominican company to purchase Dominican land. Dash Decl. ¶¶ 8, 17. Any alleged breach by Cap Cana would have occurred in the Dominican Republic. The obvious center of gravity is the Dominican Republic. *See Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001) (applying the law of the location with "the most significant relationship to the transaction and the parties"). The necessity of applying Dominican law weighs in favor of a Dominican forum.[5]

### III. PLAINTIFF HAS NOT STATED ANY CLAIMS AGAINST CAP CANA

Plaintiff's Opposition clarifies that it has abandoned any claim regarding a breach of any written agreement and only maintains claims relating to an alleged oral joint venture and a vague claim of promissory estoppel. With respect to these claims, Plaintiff has offered no submission regarding Dominican law, the law properly applied to the claims. Plaintiff appropriately does not challenge the proposition that the facts as pled by Plaintiff would be rejected as inadequate by a Dominican Court. The Supplemental Declaration of Mr. Pereyra discusses Plaintiff's claims, as revised by the Opposition, in further detail. In brief, Plaintiff's claims fail because the Dominican element of dolus (bad faith) is not adequately alleged and there is no showing of consent sufficient to form a joint venture under Dominican law. *See*

---

[5] Praxi suggests the choice of law analysis is irrelevant because New York and Dominican law are the same. While Praxi's claims do fail under the law of both jurisdictions, the laws are far from identical. *See* Supp. Pereyra Decl. ¶¶ 5-29. Should a court have to analyze the substance of Praxi's claims, it will need to carefully apply Dominican law.

Supp. Pereyra Decl. ¶¶ 17-29. The Opposition does challenge Defendants' substantive arguments under New York law, and we respond to those arguments below.

### A. Plaintiff Fails Properly To Allege The Existence Or Breach Of A Joint Venture

The Complaint fails to plead at least two of the required four elements of a joint venture: (a) joint control and (b) intent. Moreover, even if an oral joint venture was formed, it would have been terminable at will and therefore no breach was committed.[6]

### 1. Plaintiff Does Not Properly Allege Joint Control

"The control deemed essential for a joint venture is power over decision-making." *See Stratford Group, Ltd. v. Interstate Bakeries Corp.*, 590 F. Supp. 859, 863 (S.D.N.Y. 1984). However, Plaintiff also alleges that Cap Cana had no right to control the Project. Compl. ¶¶ 13-14 (Praxi could sell "interests" in the Project without input from Cap Cana and took "ultimate responsibility" while Cap Cana offered only "advice and expertise"). Advice and expertise is decidedly not "power over decision-making" rising to the level of "control deemed essential for a joint venture," especially where, as here, the "ultimate" decisions belonged to someone else. *See Stratford Group*, 590 F. Supp. at 863 (regular receipt of financial reports and review of business operations does not create joint venture, especially where plaintiff admits to "control of [business] on a day to day basis and in the ordinary course"); *Zeising v. Kelly*, 152 F. Supp. 2d 335, 348-49 (S.D.N.Y. 2001) (granting dismissal where plaintiff claimed breach of fiduciary duty by alleging an agreement "to combine resource and efforts" that would have granted ownership and management opportunities in the venture); *McGhan v. Ebersol*, 608 F. Supp. 277, 284 (S.D.N.Y. 1985) (inability to exert control over another's decision-making

---

[6] The Second Amended Complaint's new language concerning Cap Cana, *see, e.g*, ¶¶ 12-13, 17, is essentially wordsmithing and does not add substance to the allegations.

demonstrates lack of joint control). Plaintiff's failure to allege this most essential element is, by itself, "fatal to the establishment of a joint venture" claim. *DIRECTV Group, Inc. v. Darlene Invs., LLC*, 2006 U.S. Dist. LEXIS 69129, at *16 (S.D.N.Y. August 10, 2006)

### 2. Plaintiff Does Not Properly Allege Intent To Form A Joint Venture

Plaintiff has also failed properly to allege that there was an intent to actually form a joint venture. Plaintiff states that it has alleged the terms of a supposed joint venture "in some detail at paragraphs 12-14 of its Complaint." Opp'n at 17. In fact, these paragraphs do not contain allegations sufficient to show that the parties were committed to forming a joint venture or to doing anything beyond what they had already agreed through their existing contractual arrangements. Paragraph 12 of the First Amended Complaint simply sets out the payment plan for Praxi's $85 million bid. This was required by both the Tender Specifications and by the actual bid submitted by Praxi. Spence Decl., Ex. 2, 3. Paragraph 13 references Cap Cana's offer to invest in the Las Iguanas enterprise. As the Complaint admits, however, this was an offer initially made on June 8, 2007, Compl. ¶ 11, to all bidders; it was not a term of an alleged joint venture. Paragraph 14 alleges that Cap Cana "agreed to share management . . . including the design, construction, marketing, maintenance, and sales of apartments and other improvements there." Each one of these "terms" is already covered by the Tender Specifications, pursuant to which: (1) drawings and designs had to be approved by Cap Cana in accordance with its architectural design guide; (2) Cap Cana had to approve important aspects of the project; (3) Cap Cana offered a number of sales and marketing incentives; (4) thirty percent of the marketing budget was to be through Cap Cana's marketing department, and (5) the Project was part of Cap Cana's Project Resort and subject to annual and general maintenance dues. Spence Decl., Ex. 2 § II. There was no intent – indeed no need – for Cap Cana to enter into an additional agreement

8

which, according to Plaintiff's allegations, offered it no more than it was already entitled to under the Tender Specifications.

### 3. Oral Joint Ventures Are Terminable At Will

Plaintiff raises the issue of the statute of frauds, which is generally inapplicable to joint ventures because "absent any definite term of duration, an oral agreement to form a . . . joint venture for an indefinite period creates a . . . joint venture at will." *Foster v. Kovner*, 840 N.Y.S.2d 328, 331 (N.Y. App. Div. 2007). Cap Cana was therefore within its right to terminate it on a "moment's notice." *Shandell v. Katz*, 464 N.Y.S.2d 177, 179 (N.Y. App. Div. 1983); *see also Artco, Inc. v. Kidde, Inc.*, 1993 U.S. Dist. LEXIS 21227, at *22 n.6 (S.D.N.Y. Dec. 28, 1993). Axiomatically, whatever act Praxi views as a breach of the alleged oral agreement would have amounted to a termination, itself ending any possibility of an alleged breach.[7]

### B. Plaintiff Has Set Forth No Claim For Promissory Estoppel

The existence of an express contract precludes recovery in quasi-contract. *Clark-Fitzpatrick Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388 (1987). Plaintiff acknowledges but then ignores this rule. Although Plaintiff has now disclaimed any allegation of a breach of the Tender Specifications, the Tender Specifications was nonetheless a valid contract. Plaintiff has failed to plead that its claim of estoppel is based on promises not encompassed by that agreement. Plaintiff's cases are not to the contrary. *See Polargrid LLC v. Videsh Sanchar Nigam*

---

[7] Plaintiff does not mention that an "oral agreement for a joint venture, which has, as its object, the conveyance of an interest in real property from one venturer to another is a contract subject to the Statute of Frauds." *Spodek v. Riskin*, 540 N.Y.S.2d 879, 881 (N.Y. App. Div. 1989). To the extent Plaintiff's vague allegations can be read to involve a conveyance of interest in real property (Las Iguanas), the statute of frauds does apply and nullifies Plaintiff's claims. *See also* Reply Memorandum of the Deutsche Bank Defendants at 3-4. Moreover, Plaintiff does not allege a joint venture of a fixed term. Were it to do so, the statute of frauds would bar the claim. *See Rivkin v. Coleman*, 914 F. Supp. 76, 78-79 (S.D.N.Y. 1996) (joint venture claim barred because term greater than one year); *Ebker v. Tan Jay Int'l, Ltd.*, 739 F.2d 812, 827 (2d Cir. 1984) (same).

*Ltd.*, 2006 U.S. Dist. LEXIS 17531, at *8 (S.D.N.Y. April 7, 2006) (plaintiff may plead estoppel in the alternative where defendant denies the validity of express contract); *Dagen v. CFC Group Holdings*, 2002 U.S. Dist. LEXIS 25767, at *81 (S.D.N.Y. March 7, 2002) (plaintiff may only assert quasi-contract claim against defendants who argue that they are not party to the contract).

## CONCLUSION

For the foregoing reasons, Cap Cana requests that the Court dismiss the First Amended Complaint with prejudice.

Dated: New York, New York
　　　　March 20, 2008

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　SIMPSON THACHER & BARTLETT LLP


　　　　　　　　　　　　　　　　By　s/Jonathan K. Youngwood
　　　　　　　　　　　　　　　　　　Jonathan K. Youngwood
　　　　　　　　　　　　　　　　　　Email: jyoungwood@stblaw.com
　　　　　　　　　　　　　　　　　　Tamala T. Boyd
　　　　　　　　　　　　　　　　　　Email: tboyd@stblaw.com
　　　　　　　　　　　　　　　　　　425 Lexington Avenue
　　　　　　　　　　　　　　　　　　New York, New York  10017-3954
　　　　　　　　　　　　　　　　　　Telephone: (212) 455-2000
　　　　　　　　　　　　　　　　　　Facsimile:  (212) 455-2502

　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　CAP CANA, S.A.