UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

PRAXI, LLC,

                    Plaintiff,

           vs.                              Case No. 07 Civ. 9727 (LTS)

CAP CANA, S.A., DEUTSCHE BANK A.G. and
DEUTSCHE BANK SECURITIES, INC.,

                    Defendants.

-------------------------------------------------------------x

## PRELIMINARY PRE-TRIAL STATEMENT

        Pursuant to the Court's November 13, 2007 Initial Conference Order, as amended to adjourn the dates therein, the undersigned counsel for the parties hereby report to the Court as follows:

a.      Statement of Nature of This Action:

      1. Praxi's Statement:

        This is an action for breaches of, and tortious interference with, contract and fiduciary duties. Praxi alleges that in mid-2007 defendant Cap Cana, S.A. conducted a bidding process for the right to acquire and develop the "Las Iguanas" section of Cap Cana, S.A.'s beach-front resort in the Dominican Republic. Praxi allegedly worked with defendant Deutsche Bank in order to secure financing of up to $65,000,000 in order to support Praxi's bid and finance the acquisition of Las Iguanas. Praxi's bid of $85,000,000 prevailed. Praxi alleges that shortly after winning the bid, it entered into a joint venture with Cap Cana, S.A. to buy and develop Las Iguanas at Cap Cana S.A.'s forceful request. According to Praxi, it and Cap Cana, S.A. were to contribute labor, expertise, and substantial sums of money to the venture. Consequently, Praxi expended money and effort to complete the purchase of the land, to finalize a financing arrangement with Deutsche Bank, and to obtain architects and others necessary to exploit Las Iguanas. However, in September 2007, as Praxi was preparing to close on the purchase and financing transactions with Cap Cana, S.A. and Deutsche Bank, those defendants allegedly circumvented Praxi, cast aside the bidding process, and ceased working with Praxi in favor of a plan for Deutsche Bank to finance Cap Cana's development of Las Iguanas together with other parts of the Cap Cana resort without Praxi. Praxi alleges that Cap Cana, S.A. effectively repudiated the joint venture in

violation of its fiduciary and contractual duties to Praxi.

2. Defendants' Statement:

Cap Cana, S.A. has filed a Motion to Dismiss the First Amended Complaint (the "Motion") based on forum and substantive grounds. As explained in the motion, Praxi contractually agreed to litigate this dispute in the Dominican Republic under Dominican law. Moreover, the subject matter (land) of this case is in the Dominican Republic as are the vast majority of the potentially relevant witnesses. For that reason, Defendants believe the case should remain stayed pending resolution of the motion.

Deutsche Bank AG and Deutsche Bank Securities Inc. have filed a Motion to Dismiss the First Amended Complaint based on Praxi's failure to state multiple elements of its claims against the Deutsche Bank Defendants. More specifically, Praxi has failed to allege adequately the existence of a joint venture and fiduciary duties between it and Cap Cana and, in the alternative, that the Deutsche Bank Defendants caused a breach of the purported joint venture.

Substantively, this case involves property Cap Cana, S.A. owned in the Dominican Republic. Seeking to sell a portion of it to an outside developer, Cap Cana, S.A. held a bidding process that Praxi won with a cash offer of $85,000,000. Praxi had thirty days to complete the purchase. Cap Cana, S.A., upon request of Praxi and at its own discretion, extended the deadline. After this extension passed and Praxi was still unable to complete this transaction, Cap Cana, S.A. rightfully terminated discussions regarding the property and retained Praxi's $1 million deposit. Praxi then initiated this litigation.

b.     Basis of Subject Matter Jurisdiction: Praxi alleges that subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332, as Praxi alleges the New Jersey citizenship of each of its two members and the defendants are citizens of Germany (Deutsche Bank), New York and Delaware (Deutsche Bank Securities), and the Dominican Republic (Cap Cana, S.A.). Defendants do not have sufficient knowledge regarding Praxi's domicile to form a view regarding subject matter jurisdiction.

c.     Uncontested Material Facts:

1.     Defendant Cap Cana, S.A. is a corporation formed and existing pursuant to the laws of the Dominican Republic with a principal place of business located in Santo Domingo, D.R. It is engaged in the business of developing and operating resort properties in the Dominican Republic.

2.     Defendant Deutsche Bank AG is a corporation formed and existing pursuant to the laws of Germany with its principal place of business located in Frankfurt, Germany and with offices in the City, County, and State of New York.

3.     Defendant Deutsche Bank Securities Inc. is a Delaware corporation with its principal offices located in the State, City, and County of New York.

4.    Prior to the events described in Praxi's complaint, Cap Cana S.A. obtained title to large parcels of land including some beachfront located in La Altagracia Province, Dominican Republic. It has expressed an interest in selling some of the land in the Cap Cana resort to others to develop.

5.    In April 2007, Cap Cana S.A. requested bids for the purchase of a portion of the Cap Cana resort named "Las Iguanas," which the winning bidder was to develop. As set forth in Cap Cana, S.A.'s bid request document, each bidder was required to deposit $1,000,000 into an escrow account in the United States administered for it by a company called Stewart Title Dominicana. In that document, Cap Cana S.A. also stated that Las Iguanas would be awarded to the bidder with the offer having the highest present value in excess of $70,000,000.

6.    In June 2007, Praxi submitted a bid of $85,000,000 to Cap Cana, S.A. for Las Iguanas and was declared the bid winner.

d.    Uncontested Legal Issues:

The primary legal issues are discussed below under section (e).

e.    Legal Issues to be Decided by the Court:

1.    Whether New York law or the law of the Dominican Republic governs each of Praxi's claims.

2.    Whether a forum selection provision requires that Praxi and Cap Cana, S.A. litigate this dispute in the Dominican Republic.

3.    Whether the doctrine of forum non conveniens requires that Praxi's claims be litigated in the Dominican Republic.

4.    Whether Praxi and Cap Cana, S.A. entered into a joint venture agreement. (Mixed law and fact.)

5.    Whether Praxi and Cap Cana, S.A. entered into an enforceable joint venture agreement. (Mixed law and fact.)

6.    Whether Cap Cana, S.A. breached any such joint venture agreement. (Mixed law and fact.)

7.    Whether Cap Cana, S.A. owed fiduciary duties to Praxi as a result of any agreement between them. (Mixed law and fact.)

8.    Whether Cap Cana, S.A. breached any such fiduciary duties. (Mixed law and fact.)

9.    Whether Praxi reasonably and foreseeably relied upon extra-contractual promises

by Cap Cana, S.A. to its detriment.  (Mixed law and fact.)

10.     Whether Deutsche Bank AG and/or Deutsche Bank Securities Inc. tortiously interfered with the alleged joint venture agreement between Cap Cana and Praxi.  (Mixed law and fact.)

11.     Whether Deutsche Bank AG and/or Deutsche Bank Securities Inc. tortiously interfered with fiduciary duties owed by Cap Cana to Praxi.  (Mixed law and fact.)

f.     Statements of Disputed Material Facts:

1. Praxi's Statement:

(a) Praxi, LLC is a limited liability company formed and existing pursuant to the laws of the State of Delaware with an office, and its principal place of business, located in the City, County, and State of New York.

(b) Defendant Deutsche Bank Securities Inc. is a FINRA member broker-dealer that acts as the United States investment banking and securities arm of Deutsche Bank A.G.

(c) Praxi approached Deutsche Bank with a proposal that the bank agree to finance its acquisition and development of Las Iguanas.  Deutsche Bank expressed an interest in financing the project.  It sent to Praxi a June 7, 2007 "Mandate Letter" in which it represented that it (and/or its affiliates) would "work with" Praxi Caribbean to provide a $65,000,000 loan to it, and a June 8, 2007 letter in which Deutsche Bank represented that it was "highly interested" in providing that financing.  The Mandate Letter required Praxi to use Deutsche Bank exclusively to finance the proposed Las Iguanas transaction for a period of at least six months from the date of the letter.

(d) Shortly after declaring Praxi the winning bidder, Cap Cana, S.A. communicated its desire to participate with Praxi in the project and to own fifteen percent of the corporation that would own the land and improvements.  Later its representatives stated that Cap Cana, S.A. or the families that controlled it wanted to own twenty-five percent of the project.  In the meantime, Praxi attempted to consummate a final acquisition agreement with Cap Cana, S.A. and to finalize a financing agreement with Deutsche Bank.

(e) In or about early August 2007, Praxi and Cap Cana, S.A. entered into a joint venture agreement pursuant to which they would own and develop Las Iguanas together and share in its profits and losses.  Praxi formed a Dominican Republic corporation called Puerto de Alma, S.A.  Praxi and Cap Cana, S.A. discussed issuance to Cap Cana, S.A. of twenty-five percent of Puerto de Alma's stock.  Pursuant to their joint venture agreement, Praxi and Cap Cana, S.A. would divide the profits and losses so that 75 percent would go to Praxi and 25 percent would

4

go to Cap Cana, S.A.

(f)  Deutsche Bank and Deutsche Bank Securities (collectively, "Deutsche Bank") was aware that Praxi and Cap Cana, S.A. had entered into a joint venture.

(g)  In or about late August 2007, Deutsche Bank proposed to Cap Cana, S.A. that Deutsche Bank finance Cap Cana, S.A.'s development of Las Iguanas without Praxi's participation.

(h)  In late August or early September 2007, Cap Cana, S.A. and Deutsche Bank agreed to develop Las Iguanas without Praxi and with Deutsche Bank's financing, to the exclusion of Praxi.

(i)  In September 2007, Cap Cana, S.A. effectively repudiated its venture to develop Las Iguanas with Praxi. Cap Cana, S.A. terminated discussions with Praxi regarding the purchase and sale agreement on the alleged basis that it and Praxi had not timely finalized that transaction. Subsequently, Cap Cana, S.A. demanded that Praxi agree to release it from the bid contracting process. Deutsche Bank also implied that it was no longer interested in financing Praxi's development of Las Iguanas and stated that it was free to enter into business relationships with others regarding that development.

2.  Defendants' Statement

(a)  In June 2007, Praxi was declared the winner of the Las Iguanas bidding process with a bid of $85,000,000 in cash and had thirty days to complete the sale and purchase agreement. However, nothing in this bid indicated that Praxi required outside financing or that the bid was contingent on obtaining financing.

(b)  Praxi approached Deutsche Bank AG with a request that the bank finance its acquisition and development of Las Iguanas. At no time did Deutsche Bank AG or Deutsche Bank Securities Inc. commit to providing any financing to Praxi.

(c)  Under the terms of the bidding agreement, the winning bidder was required to finalize the purchase agreement within 30 days. Cap Cana, S.A. could in its sole and absolute discretion extend this deadline. Through the summer of 2007, Cap Cana, S.A., at its own discretion and at Praxi's request, extended the time for Praxi to complete its requirements under the bidding process. These extensions proved fruitless because Praxi was unable to obtain the financing to fulfill its obligations.

(d)  During this period, Praxi materially failed to provide information requested by Deutsche Bank AG in connection with Praxi's request for financing.

(e)  Because Praxi was in breach of the bidding agreement and unable to complete the purchase and sale agreement by the final deadline over three months after

being adjudicated the bid winner, Cap Cana, S.A. cancelled the bidding process according to its rights under the bidding agreement.

(f) Throughout the relevant time period, the only binding agreement between Cap Cana, S.A. and Praxi was the bidding agreement. No joint venture with Praxi was ever formed.

(g) Most of the events relating to this action took place in the Dominican Republic. In addition, the subject matter of the action is in the Dominican Republic. The bidding agreement governing Praxi's actions mandates that Dominican law applies and Dominican courts should hear this dispute.

g.    Legal Bases for Praxi's Claims:

1. Plaintiff's Statement:

The legal basis for Praxi's claims is the common law of the State of New York. The parties have extensively briefed the important legal issues in connection with the defendants' pending motions to dismiss Praxi's claims.

2. Defendants' Statement:

Cap Cana submits that Praxi's claims against it, if any, must be grounded in Dominican law. Deutsche Bank AG and Deutsche Bank Securities Inc. believe that if heard in this Court, the claims against them should be decided under New York law. However, certain elements of these claims, including the existence and breach of contractual relations and fiduciary duties between Cap Cana, S.A. and Praxi should be decided under Dominican law. The parties have briefed this choice of law issue in connection with the motion to dismiss. The time to file counterclaims has not yet run.

h.    Legal Bases of Defenses:    Cap Cana, S.A. alleges that the Dominican Republic is the proper forum for this action because of a forum selection clause between the parties or alternatively, the doctrine of forum non conveniens. Furthermore, Cap Cana, S.A., Deutsche Bank AG and Deutsche Bank Securities Inc. contend that that the complaint fails to state a claim under New York or Dominican law upon which relief can be granted.

i.    Burden of Proof:    Praxi bears the burden of proving the elements of its contract claim, including the existence of a joint venture with Cap Cana, S.A., Cap Cana, S.A.'s breach of it and of its fiduciary duties, and of its claims of tortious interference with Cap Cana, S.A.'s contractual relations or fiduciary duties by Deutsche Bank AG and Deutsche Bank Securities Inc., by a preponderance of the evidence.

j.    Amended Pleadings:  Praxi has amended its complaint once.

k.    Magistrate Judge: The parties do not consent to transfer of the action to a magistrate judge for all purposes.

l.     Fed. R. Civ. P. 26(a)(1):

1. Plaintiff's Statement:

Disclosures under Fed.R.Civ.P. 26(a)(1) shall be made within two weeks after the first conference with the Court.  All depositions and document productions shall occur in the United States and all party discovery should take place in this District.

2. Defendants' Statement:

Defendants believe discovery should be stayed until the motion to dismiss pending before the Court is decided.  If the case is not dismissed, the parties shall make disclosures under Fed.R.Civ.P. 26(a)(1) within six weeks after the decision.  The parties shall discuss the method and logistics of document production.  Depositions shall be taken where the deponent resides unless, with respect to any witness, the parties mutually agree to an alternative location.

m.     Discovery:     Without waiver of the parties' right to object to the scope of permissible discovery, the subjects of discovery are, in very general terms, likely to be the facts relating to development, sale, and financing of Las Iguanas and negotiations, agreements, and preparations, including without limitation the bidding process, related documents, and award, the existence vel non and terms of agreements between Praxi and Cap Cana, S.A., and negotiations and conduct toward development of Las Iguanas by all parties during the relevant period.  Plaintiff desires discovery to cover matters from March through December 2007, while Defendants believe that discovery should end in September 2007.  Plaintiff proposes a discovery cutoff of August 31, 2008.  If the motion to dismiss is denied, Defendants propose six months of fact discovery followed by expert discovery as outlined below in section n.

n.     Experts:     At this preliminary stage of the case, the parties have not fully assessed the need for experts.  Dominican law experts may be required.  In addition, the parties anticipate the possible need to retain damages experts.  Plaintiff believes expert reports shall be exchanged simultaneously.   Defendants believe Plaintiff shall serve its opening expert report by one month after close of fact discovery and Defendants shall serve their expert reports one month after Plaintiff's.  Expert depositions will conclude one month later.

o.     Federal Rules: No changes to the Federal and local discovery rules are needed.

p.     Settlement:     The parties have not had any settlement negotiations to date.

q.     Jury:   Praxi requests trial by jury.

New York, New York
May 23, 2008

Respectfully submitted,

ALTMAN & COMPANY P.C.

_____

Steven Altman
Email:  saltman@altmanco.net
Eric Rosenberg
Email:  eprosen@aol.com
260 Madison Avenue, 22nd Floor
New York, New York 10016
Telephone:  (212) 683-7600
Facsimile:  (212) 683-7655

*Attorneys for Plaintiff Praxi, LLC*

SIMPSON THACHER & BARTLETT LLP

_____

Jonathan K. Youngwood
Email:  jyoungwood@stblaw.com
Tamala T. Boyd
Email:  tboyd@stblaw.com
425 Lexington Avenue
New York, New York 10017
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502

*Attorneys for Defendant Cap Cana, S.A.*

THACHER PROFFITT & WOOD LLP

_____

Patrick J. Smith
Email:  psmith@tpw.com
Kenneth E. Lee
Email:  klee@tpw.com
Jeffrey D. Rotenberg
Email:  jrotenberg@tpw.com
2 World Financial Center
New York, NY 10281
Telephone:  (212) 912-7400
Facsimile:  (212) 912-7751

*Attorneys for Defendants Deutsche Bank*
*A.G. and Deutsche Bank Securities, Inc.*