UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRAXI, LLC,<br><br>                       Plaintiff,<br><br>-against-<br><br>CAP CANA, S.A., DEUTSCHE BANK A.G., and DEUTSCHE BANK SECURITIES INC.,<br><br>                       Defendants. | **ECF Case**<br><br>Case No. 07 Civ. 9727 (LTS) |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DEUTSCHE BANK AG TO PLAINTIFF PRAXI, LLC'S SECOND AMENDED COMPLAINT

Defendant Deutsche Bank AG ("Deutsche Bank"), by and through its attorneys, Thacher Proffitt & Wood LLP, answers Plaintiff Praxi, LLC's ("Praxi") Second Amended Complaint ("SAC") as follows:

### INTRODUCTION

1. Deutsche Bank admits that Praxi has asserted claims for breaches of, and tortious interference with, contract and fiduciary duties in the SAC. Deutsche Bank respectfully refers the Court to the bid documents referenced in the SAC for a true and complete record of the bidding process conducted by Defendant Cap Cana, S.A. ("Cap Cana") and the bid submitted by Praxi, and respectfully refers the Court to the letters dated June 7, 2007 (the "June 7th Letter") and June 8, 2007 (the "June 8th Letter"), from Deutsche Bank to Praxi Caribbean Realty Partners LLC for the terms of the working relationship between Praxi and Deutsche Bank. To the extent Paragraph 1 of the SAC contains allegations which purport to characterize the contents of the bid documents, the June 7th Letter or the June 8th Letter, Deutsche Bank denies them. Deutsche Bank further denies the remainder of the allegations contained in Paragraph 1.

2. Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of Paragraph 2 of the SAC, and Deutsche Bank denies the remainder of the allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3. Paragraph 3 of the SAC states a legal conclusion to which no responsive pleading is required.

## PARTIES

4. Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the SAC.

5. Deutsche Bank admits, based on information and belief, that Defendant Cap Cana is a corporation formed and existing pursuant to the laws of the Dominican Republic with a principal place of business located in Santo Domingo, Dominican Republic, and is engaged in the business of developing and operating a tourist development property in the Dominican Republic. Deutsche Bank denies the remainder of the allegations contained in Paragraph 5 of the SAC.

6. Deutsche Bank admits that it is a corporation formed and organized under the laws of the Federal Republic of Germany and maintains offices in New York, New York. Deutsche Bank denies the remainder of the allegations contained in Paragraph 6 of the SAC.

7. Deutsche Bank admits that Deutsche Bank Securities Inc. ("DBSI") is a Delaware corporation with its principal offices located in New York, New York, and that DBSI is a FINRA member broker-dealer engaged in the investment banking business. Deutsche Bank denies the remainder of the allegations contained in Paragraph 7 of the SAC.

## FACTS

8.     Deutsche Bank admits, based on information and belief, that prior to the events described in the SAC, Cap Cana obtained title to large parcels of land, including some beachfront land, located in La Altagracia Province, Dominican Republic, and had expressed an interest in selling some of the land in the Cap Cana resort to others to develop.  Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 8 of the SAC.

**Praxi Wins Bid to Develop Las Iguanas**

9.     Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the SAC.  To the extent that Paragraph 9 alleges facts with regard to the bidding for Las Iguanas, Deutsche Bank respectfully refers the Court to the bid documents for a true and complete record thereof.

10.     Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and third sentences in Paragraph 10 of the SAC.  Deutsche Bank admits that Praxi Caribbean prepared to submit a bid and approached Deutsche Bank concerning potential financing.  Deutsche Bank respectfully refers the Court to the bid documents, the June 7th Letter and the June 8th Letter for the full contents thereof, and denies the remainder of the allegations in Paragraph 10.

11.     Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the SAC, except Deutsche Bank denies the last sentence of Paragraph 11.  To the extent that Paragraph 11 alleges facts with regard to the bidding for Las Iguanas, Deutsche Bank respectfully refers the Court to the bid documents for a true and complete record thereof.  To the extent that Paragraph 11 contains

allegations which purport to characterize the contents of the bid documents, Deutsche Bank denies them.

**The Praxi/Cap Cana S.A. Joint Venture**

12.     Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the SAC.

13.     Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the SAC.

14.     Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the SAC.

15.     Deutsche Bank denies the first sentence contained in Paragraph 15 of the SAC and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the SAC, except Deutsche Bank admits that during the summer of 2007 Deutsche Bank prepared certain financial projections and provided other services to Praxi related to the possible financing of its acquisition of Las Iguanas. Deutsche Bank respectfully refers the Court to the "Mandate Letter" dated June 7, 2008 (previously defined as the "June 7th Letter") for the full contents thereof. To the extent that Paragraph 15 contains allegations which purport to characterize the contents of the June 7th Letter, Deutsche Bank denies them.

**Cap Cana, S.A. and**
**Deutsche Bank Betray Praxi**

16.     Deutsche Bank is without knowledge or information sufficient to form a belief as to what was discussed between Mr. Dash and Mr. Hazoury, Mr. Jimenez and Mr. Vidiella as set forth in Paragraph 16 of the SAC, and Deutsche Bank denies the remainder of the allegations contained in Paragraph 16.

4

17. Deutsche Bank denies the allegations in Paragraph 17 of the SAC, except Deutsche Bank admits, based on information and belief, that Cap Cana terminated the adjudication of the bidding process on or about September 4, 2007, and respectfully refers the Court to Cap Cana's termination letter to Praxi for the full contents thereof.

18. Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences contained in Paragraph 18 of the SAC, and Deutsche Bank denies the remainder of the allegations contained in Paragraph 18.

19. Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 19 of the SAC. Deutsche Bank respectfully refers the Court to the letter from Deutsche Bank to Darien Dash, dated September 28, 2007, from which Praxi quotes in Paragraph 19 for the full contents thereof. Deutsche Bank denies the remainder of the allegations contained in Paragraph 19.

20. Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the SAC.

**FIRST CLAIM FOR RELIEF
FOR BREACH OF CONTRACT**

21. Paragraph 21 of the SAC states a claim against a party other than Deutsche Bank and therefore no responsive pleading is required. To the extent a responsive pleading is required, Deutsche Bank hereby incorporates by reference its responses to the allegations contained in Paragraphs 1-20 of the SAC as if fully set forth herein.

22. Paragraph 22 of the SAC states a claim against a party other than Deutsche Bank and therefore no responsive pleading is required. To the extent a responsive pleading is required, Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.   Paragraph 23 of the SAC states a claim against a party other than Deutsche Bank and therefore no responsive pleading is required. To the extent a responsive pleading is required, Deutsche Bank denies the allegations contained in Paragraph 23.

## SECOND CLAIM FOR RELIEF
## FOR BREACH OF FIDUCIARY DUTIES

24.   Paragraph 24 of the SAC states a claim against a party other than Deutsche Bank and therefore no responsive pleading is required. To the extent a responsive pleading is required, Deutsche Bank hereby incorporates by reference its responses to the allegations contained in Paragraphs 1-23 of the SAC as if fully set forth herein.

25.   Paragraph 25 of the SAC states a claim against a party other than Deutsche Bank and therefore no responsive pleading is required. To the extent a responsive pleading is required, Deutsche Bank denies the allegations contained in Paragraph 25.

26.   Paragraph 26 of the SAC states a claim against a party other than Deutsche Bank and therefore no responsive pleading is required. To the extent a responsive pleading is required, Deutsche Bank denies the allegations contained in Paragraph 26.

## THIRD CLAIM FOR RELIEF
## FOR PROMISSORY ESTOPPEL

27.   Paragraph 27 of the SAC states a claim against a party other than Deutsche Bank and therefore no responsive pleading is required. To the extent a responsive pleading is required, Deutsche Bank hereby incorporates by reference its responses to the allegations contained in Paragraphs 1-26 of the SAC as if fully set forth herein.

28.   Paragraph 28 of the SAC states a claim against a party other than Deutsche Bank and therefore no responsive pleading is required. To the extent a responsive pleading is required,

Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29.  Paragraph 29 of the SAC states a claim against a party other than Deutsche Bank and therefore no responsive pleading is required. To the extent a responsive pleading is required, Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

## FOURTH CLAIM FOR RELIEF
## FOR TORTIOUS INTERFERENCE WITH CONTRACT

30.  Deutsche Bank hereby incorporates by reference its responses to the allegations contained in Paragraphs 1-29 of the SAC as if fully set forth herein.

31.  Deutsche Bank denies the allegations contained in Paragraph 31 of the SAC.

32.  Deutsche Bank denies the allegations contained in Paragraph 32 of the SAC.

## FIFTH CLAIM FOR RELIEF
## FOR TORTIOUS INTERFERENCE WITH FIDUCIARY DUTIES

33.  Deutsche Bank hereby incorporates by reference its responses to the allegations contained in Paragraphs 1-32 of the SAC as if fully set forth herein.

34.  Deutsche Bank denies the allegations contained in Paragraph 34 of the SAC.

35.  Deutsche Bank denies the allegations contained in Paragraph 35 of the SAC.

## DEFENSES

Deutsche Bank states the following defenses without assuming the burden of proof of such defenses that would otherwise rest on plaintiff:

## FIRST AFFIRMATIVE DEFENSE

The SAC fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Praxi's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

**THIRD AFFIRMATIVE DEFENSE**

Praxi's claims are barred, in whole or in part, by the Statue of Frauds.

**FOURTH AFFIRMATIVE DEFENSE**

Praxi's claims are barred as its damages, if any, were caused by its own acts, omissions and/or the acts or omissions of others over whom Deutsche Bank had no control.

**FIFTH AFFIRMATIVE DEFENSE**

Any loss that Praxi may have sustained was not caused by any conduct of Deutsche Bank, nor was any such conduct the proximate cause of Praxi's alleged loss.

**SIXTH AFFIRMATIVE DEFENSE**

Praxi has failed to mitigate, minimize or avoid damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Deutsche Bank hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent Deutsche Bank may share in or be entitled to assert such defense.

Dated: New York, New York        THACHER PROFFITT & WOOD LLP
       June 19, 2008

                                 By:  /s/        Patrick J. Smith
                                     Patrick J. Smith (psmith@tpw.com)
                                     Kenneth E. Lee (klee@tpw.com)
                                     Jeffrey D. Rotenberg (jrotenberg@tpw.com)

                                     Two World Financial Center
                                     New York, New York 10281
                                     (212) 912-7400

                                 *Attorneys for Defendant Deutsche Bank AG*