UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

PRAXI, LLC,

               Plaintiff,

       vs.                                  Case No. 07 Civ. 9727 (LTS)

CAP CANA, S.A., DEUTSCHE BANK A.G. and
DEUTSCHE BANK SECURITIES, INC.,

               Defendants.

----------------------------------------------------------------x

## ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANT CAP CANA, S.A. TO PLAINTIFF PRAXI, LLC'S SECOND AMENDED COMPLAINT

Defendant Cap Cana, S.A., ("Cap Cana"), by their undersigned counsel, answers the Second Amended Complaint of Plaintiff Praxi, LLC ("Praxi") as follows:

      1.     States that the allegations contained in this paragraph state legal or other conclusions that do not require a response. To the extent a response is required, denies the allegations in this paragraph, except denies knowledge or information sufficient to form a belief concerning the third sentence.

      2.     States that the allegations contained in this paragraph state legal or other conclusions that do not require a response. To the extent a response is required, denies the allegations contained in this paragraph to the extent they refer to actions by Cap Cana and denies knowledge or information sufficient to form a belief concerning the remaining allegations contained in this paragraph.

      3.     States that the allegations contained in this paragraph state legal or other conclusions that do not require a response. To the extent a response is required, admits

citizenship in the Dominican Republic, denies that events giving rise to the alleged claims took place in New York, and denies knowledge or information sufficient to form a belief concerning the remaining allegations contained in this paragraph.

    4.    Denies knowledge or information sufficient to form a belief concerning the allegations contained in this paragraph.

    5.    Denies the allegations contained in this paragraph, except admits the first sentence and that Cap Cana develops and operates a tourist development property in the Dominican Republic.

    6.    Denies knowledge or information sufficient to form a belief concerning the allegations contained in this paragraph.

    7.    Denies knowledge or information sufficient to form a belief concerning the allegations contained in this paragraph.

    8.    Admits the allegations contained in this paragraph.

    9.    Denies the allegations contained in this paragraph to the extent they characterize the terms of the Tender Specifications and respectfully refers to the Tender Specifications for the terms thereof.

    10.    Denies knowledge or information sufficient to form a belief concerning the allegations contained in this paragraph.

    11.    Denies the allegations contained in this paragraph.

    12.    Denies the allegations contained in this paragraph.

    13.    Denies the allegations contained in this paragraph.

    14.    Denies the allegations contained in this paragraph.

15. Denies the allegations contained in this paragraph to the extent they refer to actions by Cap Cana, except denies knowledge or information sufficient to form a belief concerning the remaining allegations contained in this paragraph.

16. Denies the allegations contained in this paragraph to the extent they refer to actions by Cap Cana, except denies knowledge or information sufficient to form a belief concerning the remaining allegations contained in this paragraph.

17. Denies the allegations contained in this paragraph, except admits that Cap Cana terminated the bid process pursuant to the Tender Specifications.

18. Denies the allegations contained in this paragraph to the extent they refer to actions by Cap Cana, except denies knowledge or information sufficient to form a belief concerning the remaining allegations contained in this paragraph.

19. Denies the allegations contained in this paragraph to the extent they refer to actions by Cap Cana, except denies knowledge or information sufficient to form a belief concerning the remaining allegations contained in this paragraph.

20. Denies the allegations contained in this paragraph, except admits that Cap Cana retains the deposit pursuant to the Tender Specifications.

**AS AND FOR AN ANSWER
TO THE FIRST CLAIM FOR RELIEF**

21. Repeats each and every response to the allegations contained in paragraphs 1 through 20 of the Second Amended Complaint as if fully set forth herein.

22. Denies the allegations in this paragraph except that Cap Cana ceased discussions of the Purchase and Sale Agreement after the termination of the bidding process. Cap Cana further states that the bidding process was terminated pursuant to the Tender Specifications because Praxi did not fulfill its obligations thereunder.

23. States that the allegations contained in this paragraph state legal or other conclusions that do not require a response. To the extent a response is required, denies the allegations contained in this paragraph.

**AS AND FOR AN ANSWER
TO THE SECOND CAUSE OF ACTION**

24. Repeats each and every response to the allegations contained in paragraphs 1 through 20 of the Second Amended Complaint as if fully set forth herein.

25. States that the allegations contained in this paragraph state legal or other conclusions that do not require a response. To the extent a response is required, denies the allegations contained in this paragraph.

26. States that the allegations contained in this paragraph state legal or other conclusions that do not require a response. To the extent a response is required, denies the allegations contained in this paragraph.

**AS AND FOR AN ANSWER
TO THE THIRD CAUSE OF ACTION**

27. Repeats each and every response to the allegations contained in paragraphs 1 through 20 of the Second Amended Complaint as if fully set forth herein.

28. States that the allegations contained in this paragraph state legal or other conclusions that do not require a response. To the extent a response is required, denies the allegations contained in this paragraph.

29. States that the allegations contained in this paragraph state legal or other conclusions that do not require a response. To the extent a response is required, denies the allegations contained in this paragraph.

**AS AND FOR AN ANSWER
TO THE FOURTH CAUSE OF ACTION**

30. Repeats each and every response to the allegations contained in paragraphs 1 through 20 of the Second Amended Complaint as if fully set forth herein.

31. States that no response is required to the extent this paragraph relates to parties other than Cap Cana. To the extent it relates to Cap Cana, denies the allegations in this paragraph.

32. States that no response is required to the extent this paragraph relates to parties other than Cap Cana. To the extent it relates to Cap Cana, denies the allegations in this paragraph.

**AS AND FOR AN ANSWER
TO THE FIFTH CAUSE OF ACTION**

33. Repeats each and every response to the allegations contained in paragraphs 1 through 20 of the Second Amended Complaint as if fully set forth herein.

34. States that no response is required to the extent this paragraph relates to parties other than Cap Cana. To the extent it relates to Cap Cana, denies the allegations in this paragraph.

35. States that no response is required to the extent this paragraph relates to parties other than Cap Cana. To the extent it relates to Cap Cana, denies the allegations in this paragraph.

**PRAYER FOR RELIEF**

With respect to Praxi's prayer for relief, Cap Cana denies that Praxi is entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

As further, separate and affirmative defenses, without assuming the burden of proof of any such defense that would otherwise rest with Praxi, Cap Cana alleges as follows:

### First Affirmative Defense

36. The Second Amended Complaint fails to state a claim upon which relief can be granted under the laws of the Dominican Republic. Alternatively, the Second Amended Complaint fails to state a claim upon which relief can be granted under the laws of the State of New York.

### Second Affirmative Defense

37. The claims asserted in the Second Amended Complaint are barred under the Dominican law principle of *Non-Adimpleti Contractus*.

### Third Affirmative Defense

38. The claims asserted in the Second Asserted Complaint are barred by Praxi's breach of the Tender Specifications and failure to fulfill the conditions precedent to any contractual obligation with Cap Cana.

### Fourth Affirmative Defense

39. The claims asserted in the Second Asserted Complaint are barred by the Statute of Frauds.

### Fifth Affirmative Defense

40. The Second Amended Complaint is or may be subject to dismissal for failure to join necessary and indispensable parties to this action.

### Sixth Affirmative Defense

41.     The claims asserted in the Second Amended Complaint are barred, in whole or in part, by the doctrine of equitable estoppel.

### Seventh Affirmative Defense

42.     Any recovery against Cap Cana must be reduced to the extent that Praxi failed to mitigate, minimize or avoid any losses sustained.

### Eighth Affirmative Defense

43.     Praxi's chosen forum is improper for the hearing of its claims.

### Ninth Affirmative Defense

44.     Upon information and belief, the claims asserted in the Second Amended Complaint are barred by the doctrine of unclean hands.

### Tenth Affirmative Defense

45.     Cap Cana reserves the right to assert additional defenses and to supplement those asserted herein upon further analysis and discovery of information regarding Praxi's claims.

WHEREFORE, defendant Cap Cana seeks judgment:

A. dismissing with prejudice all claims asserted in the Second Amended Complaint;

B. awarding the costs, disbursements and attorneys' fees Cap Cana incurs in defending this action; and

C. awarding to Cap Cana such further relief as this Court may deem just and proper.

Dated: New York, New York
       June 19, 2008

                            Respectfully submitted,

                            SIMPSON THACHER & BARTLETT LLP


                            By: /s/ Jonathan K. Youngwood
                                Jonathan K. Youngwood
                                jyoungwood@stblaw.com
                                425 Lexington Avenue
                                New York, New York  10017-3954
                                Telephone: (212) 455-2000
                                Facsimile: (212) 455-2502

                                *Attorneys for Defendant*
                                CAP CANA, S.A.