UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRAXI, LLC,<br><br>       Plaintiff,<br><br>    -against-<br><br>CAP CANA, S.A., DEUTSCHE BANK A.G., and DEUTSCHE BANK SECURITIES INC.,<br><br>       Defendants. | **ECF Case**<br><br>Case No. 07 Civ. 9727 (LTS) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DEUTSCHE BANK SECURITIES INC. TO PLAINTIFF PRAXI, LLC'S SECOND AMENDED COMPLAINT**

Defendant Deutsche Bank Securities Inc. ("DBSI"), by and through its attorneys, Thacher Proffitt & Wood LLP, answers Plaintiff Praxi, LLC's ("Praxi") Second Amended Complaint ("SAC") as follows:

**INTRODUCTION**

1. DBSI admits that Praxi has asserted claims for breaches of, and tortious interference with, contract and fiduciary duties in the SAC. DBSI is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 1 of the SAC, except DBSI admits, based on information and belief, that Deutsche Bank AG ("Deutsche Bank") assisted in attempting to finance the development of Las Iguanas.

2. DBSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of Paragraph 2 of the SAC, and DBSI denies the remainder of the allegations contained in Paragraph 2.

**JURISDICTION AND VENUE**

3. Paragraph 3 of the SAC states a legal conclusion to which no responsive pleading is required.

**PARTIES**

4. DBSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the SAC.

5. DBSI admits, based on information and belief, that Defendant Cap Cana is a corporation formed and existing pursuant to the laws of the Dominican Republic with a principal place of business located in Santo Domingo, Dominican Republic, and is engaged in the business of developing and operating a tourist development property in the Dominican Republic. DBSI denies the remainder of the allegations contained in Paragraph 5 of the SAC.

6. DBSI admits that Deutsche Bank is a corporation formed and organized under the laws of the Federal Republic of Germany and maintains offices in New York, New York. DBSI denies the remainder of the allegations contained in Paragraph 6 of the SAC.

7. DBSI admits that it is a Delaware corporation with its principal offices located in New York, New York, and that it is a FINRA member broker-dealer engaged in the investment banking business. DBSI denies the remainder of the allegations contained in Paragraph 7 of the SAC.

**FACTS**

8. DBSI admits, based on information and belief, that prior to the events described in the SAC, Cap Cana obtained title to large parcels of land, including some beachfront land, located in La Altagracia Province, Dominican Republic, and had expressed an interest in selling some of the land in the Cap Cana resort to others to develop. DBSI is without knowledge or

information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 8 of the SAC.

**Praxi Wins Bid to Develop Las Iguanas**

9.  DBSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the SAC.

10. DBSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the SAC.

11. DBSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the SAC.

**The Praxi/Cap Cana S.A. Joint Venture**

12. DBSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the SAC.

13. DBSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the SAC.

14. DBSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the SAC.

15. DBSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the SAC, except DBSI admits, based on information and belief, that during the summer of 2007 Deutsche Bank prepared certain financial projections and provided other services related to the possible financing of Las Iguanas.

**Cap Cana, S.A. and**
**Deutsche Bank Betray Praxi**

16. DBSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the SAC.

17. DBSI denies the allegations in Paragraph 17 of the SAC, except DBSI admits, based on information and belief, that Cap Cana's relationship with Praxi ended in or about September 2007.

18. DBSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the SAC, except DBSI denies the last sentence contained in Paragraph 18.

19. DBSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the SAC, except DBSI denies the last sentence contained in Paragraph 19.

20. DBSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the SAC.

**FIRST CLAIM FOR RELIEF**
**FOR BREACH OF CONTRACT**

21. Paragraph 21 of the SAC states a claim against a party other than DBSI and therefore no responsive pleading is required. To the extent a responsive pleading is required, DBSI hereby incorporates by reference its responses to the allegations contained in Paragraphs 1-20 of the SAC as if fully set forth herein.

22. Paragraph 22 of the SAC states a claim against a party other than DBSI and therefore no responsive pleading is required. To the extent a responsive pleading is required, DBSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, except DBSI denies the last sentence contained in Paragraph 22.

23.     Paragraph 23 of the SAC states a claim against a party other than DBSI and therefore no responsive pleading is required. To the extent a responsive pleading is required, DBSI denies the allegations contained in Paragraph 23.

### SECOND CLAIM FOR RELIEF
### FOR BREACH OF FIDUCIARY DUTIES

24.     Paragraph 24 of the SAC states a claim against a party other than DBSI and therefore no responsive pleading is required. To the extent a responsive pleading is required, DBSI hereby incorporates by reference its responses to the allegations contained in Paragraphs 1-23 of the SAC as if fully set forth herein.

25.     Paragraph 25 of the SAC states a claim against a party other than DBSI and therefore no responsive pleading is required. To the extent a responsive pleading is required, DBSI denies the allegations contained in Paragraph 25.

26.     Paragraph 26 of the SAC states a claim against a party other than DBSI and therefore no responsive pleading is required. To the extent a responsive pleading is required, DBSI denies the allegations contained in Paragraph 26.

### THIRD CLAIM FOR RELIEF
### FOR PROMISSORY ESTOPPEL

27.     Paragraph 27 of the SAC states a claim against a party other than DBSI and therefore no responsive pleading is required. To the extent a responsive pleading is required, DBSI hereby incorporates by reference its responses to the allegations contained in Paragraphs 1-26 of the SAC as if fully set forth herein.

28.     Paragraph 28 of the SAC states a claim against a party other than DBSI and therefore no responsive pleading is required. To the extent a responsive pleading is required,

DBSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29.  Paragraph 29 of the SAC states a claim against a party other than DBSI and therefore no responsive pleading is required.  To the extent a responsive pleading is required, DBSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

## FOURTH CLAIM FOR RELIEF
## FOR TORTIOUS INTERFERENCE WITH CONTRACT

30.  DBSI hereby incorporates by reference its responses to the allegations contained in Paragraphs 1-29 of the SAC as if fully set forth herein.

31.  DBSI denies the allegations contained in Paragraph 31 of the SAC.

32.  DBSI denies the allegations contained in Paragraph 32 of the SAC.

## FIFTH CLAIM FOR RELIEF
## FOR TORTIOUS INTERFERENCE WITH FIDUCIARY DUTIES

33.  DBSI hereby incorporates by reference its responses to the allegations contained in Paragraphs 1-32 of the SAC as if fully set forth herein.

34.  DBSI denies the allegations contained in Paragraph 34 of the SAC.

35.  DBSI denies the allegations contained in Paragraph 35 of the SAC.

## DEFENSES

DBSI states the following defenses without assuming the burden of proof of such defenses that would otherwise rest on plaintiff:

## FIRST AFFIRMATIVE DEFENSE

The SAC fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Praxi's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

**THIRD AFFIRMATIVE DEFENSE**

Praxi's claims are barred, in whole or in part, by the Statue of Frauds.

**FOURTH AFFIRMATIVE DEFENSE**

Praxi's claims are barred as its damages, if any, were caused by its own acts, omissions and/or the acts or omissions of others over whom DBSI had no control.

**FIFTH AFFIRMATIVE DEFENSE**

Any loss that Praxi may have sustained was not caused by any conduct of DBSI, nor was any such conduct the proximate cause of Praxi's alleged loss.

**SIXTH AFFIRMATIVE DEFENSE**

Praxi has failed to mitigate, minimize or avoid damages.

**SEVENTH AFFIRMATIVE DEFENSE**

DBSI hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent DBSI may share in or be entitled to assert such defense.

Dated: New York, New York　　　　THACHER PROFFITT & WOOD LLP
　　　　　June 19, 2008

　　　　　　　　　　　　　　　　　　By: /s/        Patrick J. Smith
　　　　　　　　　　　　　　　　　　　　Patrick J. Smith (psmith@tpw.com)
　　　　　　　　　　　　　　　　　　　　Kenneth E. Lee (klee@tpw.com)
　　　　　　　　　　　　　　　　　　　　Jeffrey D. Rotenberg (jrotenberg@tpw.com)

　　　　　　　　　　　　　　　　　　　　Two World Financial Center
　　　　　　　　　　　　　　　　　　　　New York, New York 10281
　　　　　　　　　　　　　　　　　　　　(212) 912-7400

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Deutsche Bank Securities Inc.*

7